No. 9604.

SUCCESSIONS OF MADELINE AZEMA BYRNE AND JOHN BLIGH BYRNE.

(Consolidated.)

IN THE MATTER OF THE RULE OF CHARLES H. BYRNE ET AL. VS. JULES CASSARD, ETC.

1.   A consent to take up a case for trial that has been fixed for a different day, is not such a consent as will vitiate a judgment, although a minor be a party thereto.

2.   Members of a family meeting have the right to waive the three days delay allowed by law for their citation, and convene at an earlier date.   R. C. C. 285; 9 Ann. 560, Gasson vs. Palfrey.

3.   A judge has at all times the right, upon proper proceedings and proof, to correct clerical errors that occur in interlocutory orders, or chambers decrees he has granted, on giving due notice to interested parties.

4.   To relieve a purchaser of real property from compliance with the terms of his bid at a judicial sale, he must show that there is a cloud upon the *title of the vendor;* mere irregularities in proceedings in sale will not avail him, as he is protected by the decree under which the sale is made, and his right to restitution, in case of loss or injury thereto.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*A. Goldthwaite* for Plaintiff and Appellant:

A judgment is conclusive of every fact necessary to uphold it, whether the final adjudication resulted from tedious litigation or from a suit in which obstacle was presented. Freeman on Judgments, sec. 330; 2 Howard U. S. 340; Succession of Hebrard, 18 Ann. 485.

A judgment is not a consent judgment when prepared by one of the attorneys and submitted to the court as a proper judgment, and adopted by the judge as the judgment of the court.   20 Ann. 276; 12 Ann. 426; 28 Ann. 713.

When a court has jurisdiction of the subject-matter and the proper parties are before it, its decree will protect purchaser at a probate sale from all informalities which may have preceded it in the absence of any charge or proof of fraud.   21 Ann. 505; 1 Clifford C. C. 437; 14 Ann. 622; 11 La. 156; Rorer on Judicial Sales, sec. 479; 1 Wallace, 634.

Rule may be taken contradictorily to amend proceedings, *nunc pro tunc.*   31 Ann. 530.

*W. B. Lancaster,* attorney for absent heirs, on the same side.

*P. E. Théard & Sons* and *Braughn, Buck, Dinkelspiel & Hart* for Defendants and Appellees:

1.   The judgment ordering the partition is a nullity.   A judgment rendered by consent of the parties *inter se,* and without evidence, cannot bind third persons.   All parties must be before the court.   In judicial partitions, all formalities must be strictly pursued.   16 Ann. 157; 3 Ann. 35; 5 Ann. 499; 15 Ann. 225, 697; 28 Ann. 715 (dissenting opinion); 4 Ann. 260, 261, 56; 19 L. 36; 17 L. 348; 25 Ann. 531; 32 Ann. 97, 635; 30 Ann. 898; 26 Ann. 445; 27 Ann. 198; 11 Ann. 388; 34 Ann. 969; 18 Ann. 882; R. C. C. 1339, 2275, 2440.

2.   The formalities required for the sale of the share of the minor were not complied with. The curator of the minor was not sworn.   The judgment against the minor may be rescinded.   The family meeting was not held according to law.   The deliberations thereof were not homologated in time.   The error in the name of the minor in the homologation order is fatal.   The advertisement was not published during thirty days

27 Ann. 463, 32 Ann. 956; 5 Ann. 208; 12 Ann. 153; 15 Ann. 697; 9 L. 545; R. C. C. 285, 334, 341, 1167, 1339, 1341; C. N. 411, Marcadé, vol. 2, p. 211; C. P. 615.

3. A purchaser is not bound by additional terms imposed by the auctioneer, not contained in the decree of the court, and which increase the price. Custom cannot supersede the law or change an order of court. The law requires also the reading of the mortgage certificate at the time of the sale. R. C. C. 21, 1963, *et seq.*, 3010; 11 Ann. 46.

4. No evidence can be offered after rendition, signature and execution of a judgment, especially where it is shown that the evidence was taken or procured after the execution of the judgment. The adjudication having dispossessed the owners, they could make no alterations thereafter. The evidence offered after the adjudication cannot bind the purchaser. Even if admissible, the evidence offered is still insufficient to protect the purchaser. 32 Ann. 97; 18 L. 351.

5. No one is required to take a property subject to encumbrances. Plaintiff should have produced a clear certificate from the mortgage office on the trial of the rule.

The opinion of the Court was delivered by

WATKINS, J. On the 11th of April, 1885, in the matter of the partition of the real estate belonging to the successions of Madeline Azema Byrne and John Bligh Byrne, the lot of ground and three-story brick building, forming the southeast corner of Canal and Carondelet streets, were adjudicated to Jules Cassard, now deceased, and herein represented by Adrien, Augustus, Jr., and John E. Cassard, as his surviving legatees, and who have appeared and made themselves parties to this appeal.

The purchaser declined to pay the amount of his bid, and the plaintiffs in the partition suit took a rule on him, on the 1st of June, 1885, to show cause on the 5th of same month why he should not comply with the terms of sale and accept a title to the property.

To this rule the purchaser answers, and assigns various objections to the judgment in the partition suit, and the sale thereunder, which he avers to be sufficient to exonerate him from compliance with the adjudication made thereof.

They may be summarized thus:

1. The judgment is a nullity being by consent.

2. The share of the minor, Thomas Byrne Seller, was not sold according to law.

3. The terms of sale, as advertised, do not conform to the judgment.

4. The proceedings taken and evidence offered *after* the adjudication cannot bind the purchaser.

5. The property sold is not free from encumbrances, and certificate of mortgage was not read.

6. The property was not advertised for thirty clear days.

7. The proceedings of the family meeting recommending terms of sale of the interest of the minor, Thomas Byrne Seller, were not homologated until the property had been advertised for sale for several days.

We need not argue these objections separately:

The complaint made of these partition proceedings is that they were had by consent and not contradictorily, and hence same could not have the force and effect a judicial partition, and a sale effected thereunder would not confer a valid title on the adjudicatee.

The following facts and circumstances attracted our attention, viz: That the partition suit, though regularly fixed for trial on the 2d day of March, 1885, was taken up for trial and judgment *rendered* on the 26th of February previous, and by consent of parties.

The minor, Thomas Byrne Seller, having an interest in the property of *one-seventh of one-third of eleven-eighteenths*, was represented by a curator *ad hoc;* all the other interested parties being majors, and present or represented.

The judgment was *signed* on the 6th of March, 1885, regulating and fixing the shares of the different heirs, ordering a partition of the property by licitation, and directing that a family meeting be convened for the purpose of advising and recommending the terms of sale of the interest of Thomas Byrne Seller, the only minor.

Upon the *same day* the family meeting was convened and recommended sale upon *like* terms as were provided in the judgment with reference to the majors.

These deliberations were not homologated by the judge until the 11th of March, 1885; but the sale was regularly advertised in the New Orleans Picayune and Bee, on the 8th of March previously, and continued until the 11th of April, 1885, the day of sale and adjudication.

On the 26th of May, 1885, plaintiff, in the partition suit, ruled the defendants to show cause on 29th of May following, why certain affidavits should not be filed on the record *nunc pro tunc* as of February 18, 1885, and also why the certified copy of an act of sale from Citizens' Bank to John Bligh Byrne should not be likewise filed *nunc pro tunc.*

Upon the same day, a like rule was taken to show cause why "a clerical error" in the order of the judge of the 11th of March, 1885, homologating the deliberations of the family meeting, mentioning the interest as that of *John Bligh Byrne* in lieu of that of *Thomas Byrne Seller*, should not be corrected.

Upon same date, a like rule was taken on same defendants to show cause why the testimony of certain experts, which through inadvertance of counsel, had not been filed at the time should not be filed *nunc pro tunc* as of the 18th of February, 1885.

On the 29th of May, these rules were called for trial and made absolute and thereupon this appeal was taken.

The nullities or irregularities of which respondent complains, are not absolute, but relative and could be cured by the prescription of five years or a monition.

## I.

The fact that the partition suit was not tried on the particular day upon which same had been fixed for trial, is not such a consent as will vitiate it, notwithstanding one of the parties be a minor represented by a special tutor.   9 La. 276, Cooley vs. Seymour.

## II.

The judgment and decree of the court directing that a family meeting be convened for the purpose of recommending the terms of sale, was regular and proper, and the officers and members thereof had the right to waive the three days delay provided by law, and convene immediately as they did.

"The family meeting may be held at an earlier day by consent of the members composing the family meeting."   R. C. C. 285; 9 Ann. 560, Succession of Gasson vs. Palfrey, is quite a similar case.

## III.

We do not attach any importance to the fact that the sale of the property was advertised *prior* to the homologation of the deliberations of the family meeting.

1st.   Because the family meeting recommended *like* terms of sale for the interest of the *minor*, as those fixed by the judgment of the court respecting those of the *majors*.

2d.   Because the month of March carries *thirty-one* days, and hence there were twenty clear days of that month remaining after the 11th thereof, when the judgment of homologation was signed; and there are ten clear days of April preceding the 11th thereof, the day of sale.

## IV.

The fact that a certain affidavit, act of sale, and testimony of experts were permitted to be filed *nunc pro tunc* by the judge *a quo* did not vitiate the partition proceedings and judgment previously signed

The judge was satisfied that same properly formed a part of the evidence adduced on the trial; and even if same had not been, in point of fact, so adduced, this Court would assume that his decree was based upon sufficient testimony until the contrary is legally established.

## V.

The judge *a quo* has at all times the right, upon proper proceedings and proof, to correct the clerical errors that may occur in the interloc-

utory judgments he has rendered, or chambers orders he has granted, on giving due notice to interested parties. 3 N. S. 392; 6 Ann. 548.

We do not regard the alleged irregularities in the partition proceedings of such a character as to cast a cloud upon the title of Madeline and John Bligh Byrne in the sense of 9 Ann. 560, Gasson vs. Palfrey, and 16 Ann. 420, Succession of Webber, cited. Indeed, the respondent urges no complaint of *their* title at all; his complaints are of irregularities in the partition proceedings alone.

It was stated by counsel for successions in argument before the court, and not denied by counsel for the respondent, that the minor has attained his majority; and, hence, it will be necessary for him to accept the purchase price *pro tanto*, and that would estop any complaint on his part, and all of which are *personal* to himself.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed; and proceeding to render such judgment as should have been rendered by the judge *a quo*, it is ordered, adjudged and decreed that the rule taken in behalf of Charles H. Byrne on the purchaser, Jules Cassard, now deceased,— and herein represented by Adrien, Augustus J., and John E. Cassard, residuary legatees—requiring him to comply with the terms of the sale and adjudication of the property in controversy, and pay the purchase price in conformity with the terms specified in the judgment of the court and the recommendations of the family meeting, and accept title thereto, be made absolute, and that all cost of both courts be taxed against the respondents and appellees.

### DISSENTING OPINION.

POCHÉ, J. I dissent from the opinion and decree of the majority in this case, and will file my reasons at some future time.

### ON APPLICATION FOR REHEARING.

WATKINS, J. Upon a careful consideration of the application for rehearing presented by counsel for residuary legatees of the purchaser, we have reached the conclusion that our original opinion and decree should be so amended as to dispense the purchaser from the payment of all taxes due upon the property sold at the date of sale, April 11, 1885; and as thus amended, said opinion and decree remain undisturbed.

Poché, J. As I adhere to my dissent, I take no part in this decree.