## BARRETT v. MOISE.

1. EXCEPTIONS charging error in not charging requests without setting out in what particular such charge was error, or simply setting out quotations from the charge, will not be considered.
2. MINOR.—Interests of minor will be looked into without regard to errors in her attorney in preparing exceptions. *Dicta.*
3. IBID.—JURISDICTION of a minor under fourteen is obtained by service on her of summons and complaint, and acceptance by her father, who is her general guardian, of service of the summons and complaint, and notice of appointment of guardian *ad litem,* although she resides with another, and appointment of guardian *ad litem* upon petition of her father.
4. VERDICT—JUDGE.—Where all the facts appear in record evidence and no contradictory evidence is offered, Judge may direct a verdict.

Before TOWNSEND, J., Sumter, March term, 1900. Affirmed.

Action in partition by Little Dora Barrett by Penlope V. Freeman, her guardian *ad litem,* against Marion Moise, Henry D. Barrett *et al.* From judgment for defendants, plaintiff appeals.

*Mr. A. B. Stuckey,* for appellant, cites : *As to service upon and obtaining jurisdiction of the minor:* 17 S. C., 75 ; Code, 155, 159, 160; 17 S. C., 435; 23 S. C., 154, 187; 24 S. C., 373; 25 S. C., 275; 31 S. C., 576; 1 Black on Judgts., sec. 194; Code, 137.

*Messrs. Lee & Moise,* contra, cite: *Exceptions pointing out no specific error cannot be considered by the Court:* 51 S. C., 306; 53 S. C., 24, 44, 155; 54 S. C., 364, 405. *Judgment in Barrett v. Barrett is conclusive of the issue here:* 56 S. C., 4. *As to jurisdiction of the person of the minor:* Code, 155; 31 S. C., 576; 51 S. C., 393; 48 S. C., 566; 57 S. C., 511; 23 S. C., 187.

September 25, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action against the defendants for the partition of a certain tract of land described in the complaint, alleging that she was entitled to an undivided one-tenth interest in the said land, that the defendants are entitled to the remaining nine-tenths in the proportions set out in the complaint. The defendants answered, denying that the plaintiff has any interest whatsoever in the said land, and alleging that they are the absolute owners in fee simple of the said land; and they go on to allege that they acquired their title under an order made by the court of equity for the sale of said land, in a case wherein V. C. Barrett and Pauline B. Barrett were plaintiffs, and John K. Barrett and others were defendants. The issue of title thus raised by the pleadings came on for trial before his Honor, Judge Townsend, and jury, and a verdict in favor of the defendants having been found, judg-

ment was entered thereon. From this judgment the plaintiff appeals upon the several exceptions set out in the record.

The first five exceptions, not being taken in conformity to Rule V. of this Court, might well be disregarded, for they simply impute error to the Circuit Judge in refusing to charge certain requests submitted by plaintiff, without setting forth in these exceptions what were the requests; and what is more important, none of them "contain a statement of the proposition of law or fact which it is desired to review," as required by the rule referred to.

The sixth exception is open to the same objection, for although that exception does contain a copy of the defendant's third request, which it is claimed that the Circuit Judge erred in charging, yet it does not contain any distinct proposition of law or fact which appellant claims to have been violated by the charge.

The eighth exception, which consists of nothing more than an extract from the charge of the Circuit Judge, has so often been held not to be sufficient, as not to need the citation of any authority, might also well be disregarded.

The seventh exception, however, may by a liberal construction of its terms be regarded as sufficient to raise the question whether the Circuit Judge erred in holding that the fact that the late Judge Fraser granted the order for the appointment of a guardian *ad litem* for the plaintiff in the case under which the land was ordered to be sold, and was sold, afforded a presumption that "everything was regular up to that appointment."

So, also, the ninth exception by a like liberal construction may possibly be regarded as sufficient to raise the question whether the Circuit Judge erred in not instructing the jury to bring in a verdict for the plaintiff, under the facts disclosed by the record which had been offered in evidence.

While this Court is always reluctant to decide a case upon technical grounds, yet in this case we would be less reluctant to do so, because from the "Case" as prepared for argument

here it is conceded that the plaintiff's name does appear as a party to the action of *Barrett* v. *Barrett,* under which the sale of the land in question was made through which defendants claim; and it also there appears that the land was sold for a full and fair price, and that the share of the plaintiff in the proceeds of such sale was received and receipted for by her general guardian, who was her own father; and hence the plaintiff has no just ground of complaint. For, also, though it is stated, in the argument of counsel for appellant, "that the property in question was sold soon after she (the plaintiff) inherited it; that the master paid over the money to the father and guardian, who had given only a $400 bond for the purpose of receiving the rents of the plantation, which bond was never increased, he having paid out most of the 1,800 and odd dollars soon after receiving, checking on it as guardian, in part payment of another plantation bought for and in the name of his second wife, no blood relation to the plaintiff, which has been lost to her by a foreclosure;" whereby, as counsel says, "the plaintiff has derived no benefit whatever from her inheritance, and there is scarcely room to hope for a cent except under this proceeding;" yet, in the first place, we remark, that under the wise, salutary and well settled rule, this Court is not at liberty to consider any facts which appear only in the argument of counsel; and in the second place, even if we were at liberty to consider these statements of counsel, we are at a loss to perceive by what rule of good morals the defendants, who have in good faith paid their money for property sold under the order of a court of equity, should be required to make good any losses which the plaintiff may have sustained by the fault or misconduct of others, and to which it is not alleged or even intimated that the defendants in any way contributed.

Still, as the rights of a minor are involved, we will not decline to consider the case without regard to any fault in the manner in which the exceptions have been taken; for a minor has the right to insist upon his strict legal

rights, and if the plaintiff has been deprived of her interest in the land in question by any want of compliance with the strict requirements of the law, she should be protected.

We will, therefore, proceed to consider the questions which are thus stated by counsel for appellant in his argument here: "1st. Did the Court acquire jurisdiction of Little Dora Barrett, in the case of Barrett *v.* Barrett, by the service of the summons, as required by law?" "2d. Was a guardian *ad litem* properly and legally appointed for her after the service of the notice for that purpose, as required by law, so as to give authority to proceed to order a sale of the land?"

As to the first question, we do not see how it is possible to have a doubt. The record of the case under which the land in question was sold by the order of the Court, as set out in the "Case" as prepared for argument here, shows affirmatively that the plaintiff herein was personally served with the summons in that action, and also that G. M. Barrett, the father and general guardian of the plaintiff herein, accepted service of the said summons and also of the notice attached thereto, requiring an application for the appointment of a guardian *ad litem,* which was addressed to all the minors, including the plaintiff herein, and also to G. M. Barrett, the father and general guardian of the said plaintiff. The fact that the said G. M. Barrett, in his acceptance of service, recites that certain of the minors, not including the said plaintiff, resided with him, and the further fact that in the address of this notice, after the name of G. M. Barrett, the following words are added: "with whom all the infant defendants reside except Little Dora Barrett, and to Mrs. Penelope Freeman, with whom Little Dora Barrett resides"—cannot affect the question; for the fact still remains that G. M. Barrett, the father and general guardian of the plaintiff herein, was served with the summons and also with the notice requiring an application for the appointment of a guardian *ad litem* for all the

minors; and this was a full compliance with all the requirements of the statute; and, therefore, there can be no doubt that the Court did acquire jurisdiction of the plaintiff herein in the action under which the land was sold.   See *Faust* v. *Faust,* 31 S. C., 576, and the very recent case of *Kennedy* v. *Williams,* 59 S. C., 378.

As to the second question, there is as little doubt.   Without repeating what has already been said as to the acceptance of service of the notice, the "Case" shows that in pursuance of such notice the said G. M. Barrett, the father and general guardian of the plaintiff herein, duly filed his petition, praying that one James D. Graham be appointed guardian *ad litem* for certain of his infant children, amongst whom was the plaintiff herein, and that the late Judge Fraser, upon hearing said petition, granted an order appointing the said Graham guardian *ad litem* for the said plaintiff. What more could be required, we are at a loss to conceive.

We are, therefore, of opinion that the plaintiff herein was duly made a party to the action of Barrett *v.* Barrett, under which the land in question was sold, and that a guardian *ad litem* of said plaintiff was duly appointed to represent the interests therein, and hence she is bound by the decree and judgment made in that case.

Inasmuch as all these facts upon which the case turned appeared on the record, and there was no testimony whatever to impugn the facts there appearing, there was no error on the part of the Circuit Judge in directing a verdict for the defendants in this case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.