BYRNES, APPELLANT, *v.* BUTTE BREWING CO., RESPONDENT.

(No. 3,036.)

(Submitted December 11, 1911.    Decided December 23, 1911.)

[119 Pac. 788.]

*Personal Injuries—Negligence—Burden of Proof—Infants— Appearance—Guardians ad Litem—Waiver of Rights.*

Negligence—Burden of Proof.
    1.  A plaintiff suing for a personal injury negligently inflicted has the burden of proving defendant's negligence.
Same—Negligent Use of Street—Evidence.
    2.  In an action for injuries to a child alleged to have been run over by defendant's wagon in a street, evidence *held* to warrant a finding that the child was not injured by the wagon.
Infants—Actions—Appeal—Questions Reviewable.
    3.  An infant plaintiff, represented in an action at law, as required by Revised Codes, section 6481, by a guardian *ad litem* appointed as provided by section 6482, may not complain on appeal of errors occurring at the trial not affecting his substantial rights, where experienced counsel failed to make objections and save exceptions, and where there is no evidence of fraud or collusion on the part of counsel.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Thomas V. Byrnes, by Thomas Byrnes, his guardian *ad litem,* against the Butte Brewing Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. Maury & Templeman,* and *Mr. J. O. Davies,* submitted a brief in behalf of Appellant. *Mr. Maury* and *Mr. Davies* argued the cause orally.

The facts in this case demonstrate that Walsh, as a matter of law, failed to keep a proper lookout as charged in the complaint. All of them appearing conclusively in the record of this case, both by the evidence introduced by the defendant as well as the plaintiff, and there not being a single fact introduced in evidence from which any other legitimate inference can be drawn, as to how the accident occurred, or that the accident occurred in any other way than above related, the plaintiff is entitled to a verdict in law. (*Flaherty* v. *Butte Electric Ry. Co.,* 42 Mont. 89, 111 Pac. 348.) The verdict for the defendant, under such circumstances, as was said by this court in the case of *Hollingsworth* v. *Davis-Daly Company,* 38 Mont. 143, 99 Pac. 142, is based on "speculation and conjecture," and therefore cannot stand. (*Shaw* v. *New Year Gold Min. Co.,* 31 Mont. 138, 77 Pac. 515; *Olson* v. *M. O. P. Co.,* 35 Mont. 500, 89 Pac. 731; *McGowan* v. *Nelson,* 36 Mont. 67, 92 Pac. 40; *McAulay* v. *Casualty Co.,* 37 Mont. 256, 96 Pac. 131; *Monson* v. *La France Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243; *Gleason* v. *Missouri River P. Co.,* 42 Mont. 238, 112 Pac. 394.) Insufficiency of the evidence to justify a verdict applies to a defendant as well as to a plaintiff. (Subd. 6, sec. 6794, Rev. Codes; *Flaherty* v. *Butte Electric Ry. Co., supra.*)

Can the rights of a minor be waived by his failure to make objections and save exceptions? It is an elementary proposition of law that a minor is incapable of waiving any of his rights, and that a guardian *ad litem,* or next friend, or an attorney for the guardian *ad litem* or next friend, can make no concessions or waivers of the minor's rights either by action or nonaction. (22 Cyc. 663; 10 Ency. of Pl. & Pr. 678.) The

same duty rests upon the appellate court to look carefully after the interests of an infant as rests upon a trial court, and it is its duty to look carefully into the record and see that no errors have been committed which prejudiced the right of the appellant infant, no matter whether objections were made and exceptions taken or not; and if error can be found in the record, the judgment and order must be set aside.   The rights of the appellant minor cannot be decided upon technicalities or failures of the guardian or his attorney to make proper objections, or take exceptions.   (22 Cyc. 707, par. 4, and cases there cited; 10 Ency. of Pl. & Pr. 679; *Barrett* v. *Moise,* 61 S. C. 569, 39 S. E. 755; *Kester* v. *Hill,* 46 W. Va. 744, 34 S. E. 798; *Jespersen* v. *Mech,* 213 Ill. 488, 72 N. E. 1114; *Spradlin* v. *Stanley's Admr.,* 24 Ky. 701, 99 S. W. 965; *Glade Coal Min. Co.* v. *Harris,* 65 W. Va. 152, 63 S. E. 873; *Barnard* v. *Barnard,* 119 Ill. 92, 8 N. E. 320; *Boerum* v. *Schenck,* 41 N. Y. 182; *Taylor* v. *Rowland,* 26 Tex. 293.)   "Although no exception is taken, a decree against infants will be reversed for prejudicial error."   (10 Ency. of Pl. & Pr. 731.)

The sole question under the issues in this case to be determined by the jury was whether or not the driver was guilty of negligence.   The fact that the plaintiff was in the habit of running after horses or wagons, or jumping upon them prior to the time of the accident, could have no weight nor bearing upon the question of the driver's negligence.   This kind of testimony has often been before the courts in this country, and has always been condemned, and held to be prejudicial error.   (*Denver City Tramway Co.* v. *Cowan* (Colo.), 116 Pac. 136.)

. The admissions of a father or a mother against the interests of their minor child are not admissible against such child in an action brought in its own behalf.   (*Power* v. *Harlow,* 57 Mich. 107, 23 N. W. 606.)

*Messrs. Kirk, Bourquin & Kirk,* for Respondent, submitted a brief.   *Mr. George M. Bourquin* argued the cause orally.

Respondent contends that no prejudicial error was committed, but that if there was any, no objections being made and no excep-

tions being saved, the appellant's remedy is against his defaulting guardian, and counsel. At law, where procedure and appeals are statutory, he has no other remedy. In equity cases, the infant being a ward in chancery, and by virtue of statutes in some states, the rule counsel contends for has some support. The rule does not extend to details of practice, however. But at law and under our statutes, no such rule prevails. The infant is duly represented by guardian and counsel, and hence must abide the result. For their neglect, he has his remedy against them. (22 Cyc. 662.) Any other rule would make trials where infants were parties farcical. The infant's counsel could suffer some technical error to be committed, and instead of them bringing it to the court's notice, hold it in reserve, speculate on the verdict, and, losing, urge on the court that plaintiff's guardians and their own conduct is ground on which it is bound to grant a new trial. And the litigation would continue indefinitely.

"Persons under disability at the time of a judicial proceeding, to which they are parties, represented by their guardians and agents, are bound upon the knowledge of such guardian or agents." (*Kromer* v. *Friday,* 10 Wash. 621, 39 Pac. 234, 32 L. R. A. 671.) In consenting to a decree and in all matters done in good faith, the infant is bound by the acts of his guardian or counsel. (*Matter of Moore,* 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 908.) When a guardian *ad litem* fails to produce evidence known to him, no new trial will be granted because thereof. (*Hagen* v. *Ry. Co.,* 100 App. Div. 218, 91 N. Y. Supp. 914; *Harris* v. *Bigley,* 136 Iowa, 307, 111 N. W. 432.) Even in equity, where an *ex parte* deposition not taken according to law, and so incompetent, is used against an infant without objection by guardian *ad litem,* a new trial will not be granted him therefor. (*Leach* v. *Shelby,* 58 Miss. 681.) As to matters of practice, reception of evidence, etc., infants are as much bound by the conduct of those who conduct their case as adults, provided their conduct be *bona fide.* (*Ralston* v. *Lahee,* 8 Iowa, 17, 74 Am. Dec. 297.) The statute that findings of facts may be waived applies to infants as to others. (*Lumber Co.* v. *Phillips,* 94 Cal. 54, 29 Pac. 328.) Irregular depositions are properly

read, if guardian *ad litem* consented. (*Hardman* v. *Orr*, 5 W. Va. 71.) An infant represented by a guardian *ad litem* stands in court like any other, and it is for him to preserve errors and a record for a new trial the same as any other party. (*Alexander* v. *Frary*, 9 Ind. 481.) Where a statute requires matter in confession and avoidance to be pleaded, an infant cannot prove it under a general denial any more than could any other party. (*Roe* v. *Angevine*, 7 Hun (N. Y.), 679.) An infant under the statutes has only the same time as an adult to take steps to correct error in proceedings. (*Welsh* v. *Koch*, 4 Cal. App. 571, 88 Pac. 604.)

An objection not made in court below cannot be made in a higher court for an infant represented by guardian *ad litem.* (*In re Ry. Co.*, 35 Hun (N. Y.), 575.) Appeals being entirely statutory, the procedure and time therefor apply to infants if not expressly excepted. (*Merrils* v. *Adams*, Kirby (Conn.), 247; *Davenport* v. *Hannibal*, 120 Mo. 150, 25 S. W. 364; *Perry* v. *Warner* (Tex. Civ. App.), 40 S. W. 170; 2 Cyc. 791.)

As a driver cannot look in all directions at once, no negligence is predicated on the bare fact that he was not looking in some particular direction when an accident happened. (49 Am. St. Rep. 432, notes.) A driver of a bus was looking away from and not watching in front of him. A boy skating near slipped and plunged toward the team, was struck by the singletree and run over. Held, an accident and no negligence imputable to the driver. (*Young* v. *Co.*, 180 Pa. 75, 36 Atl. 403.) Although a child be too young to charge with contributory negligence, yet if it puts itself in a place of danger in reference to a moving vehicle and is injured, there is no liability on the part of the driver's master if the driver was driving with ordinary care and did not observe the child. (*Goldstein* v. *Ry. Co.*, 5 Penne. (Del.) 306, 60 Atl. 976.) A driver started his team, and an infant ran from where it was playing in the middle of the sidewalk to the wagon, was knocked down, run over and killed. Held, no negligence imputable to the driver; that he had no reason to anticipate the child would come and put itself in danger; that otherwise it would be necessary to have a cordon of watchmen around

every part of a vehicle.   (*Henderson* v. *Co.*, 53 Hun, 630, 5 N. Y. Supp. 909, affirmed 119 N. Y. 619, 23 N. E. 1143.)

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint charges that the plaintiff, a boy about four years of age, was injured by being run over by a beer wagon belonging to the defendant corporation, driven by Michael Walsh. its employee.   Quoting: "The said Michael Walsh, then and there, at said time and place, without heeding in what manner the team was traveling upon the street, and without having in his hands the reins with which to guide said team, and without observing a proper or any lookout ahead, did thereby negligently and carelessly suffer and permit the said team to approach and run down the plaintiff and the wagon to pass over the plaintiff, and said team and wagon did then and there collide with, strike, and bruise and run over the plaintiff."   Defendant had a verdict, upon which judgment was entered.   Plaintiff appeals from the judgment, and also from an order refusing to grant a new trial.   The record is barren of objections and exceptions.

1. The testimony is conflicting.   Indeed, some of the plaintiff's witnesses contradict themselves and each other, and the testimony of certain of defendant's witnesses is irreconcilable. Two witnesses for the plaintiff testified that they saw the wagon run over the boy, and one of defendant's witnesses declared that she also saw the wheels pass over him.   On the other hand, the driver and one Bennetts, who was with him on the seat of the wagon, declared that they did not see the boy at all until they heard a woman scream, and then, looking back, they observed him in the act of arising to his feet, twelve or fifteen feet behind the wagon "out three or four feet from the wagon." The horses were "barely moving."   The wagon with its contents weighed over three thousand pounds.   There was testimony to justify the conclusion that the child was but slightly injured. Walsh and Bennetts testified that they felt no jar or anything to indicate that the wagon had passed over any body or other [1]   substance.   The burden of proof was on the plaintiff. Under these circumstances we think the jury was warranted

in concluding that the child was not run over by the wagon. [2] Discarding the testimony that he was run over, there is not anything in the record to indicate how he received whatever injuries he sustained on the day in question. At the moment when the scream was heard by Walsh and Bennetts, the former was saying to the latter, "Watch the horses make the turn themselves," and appellant's counsel argue that this bit of testimony indicates that Walsh was negligent as a matter of law. There is testimony to the effect, however, that at the time of making the remark he was driving with "tight reins," and the horses had not yet reached the place where the turn was to be made.

2. Other assignments of error, based upon alleged erroneous admissions of evidence and erroneous instructions, are argued in the brief. Plaintiff's counsel contend that the rights of a [3] minor cannot be waived by failure of his counsel to make objections and save exceptions during the course of the trial, and therefore they must be permitted, for the first time, in this court, to point out errors alleged to have been committed in the court below. They quote from 22 Cyc. 663, to the effect that a guardian *ad litem* or next friend can make no concessions, or waive or admit away any substantial rights of the infant, or consent to anything which may be prejudicial to him. They also cite the following cases:

*Taylor* v. *Rowlands,* 26 Tex. 293, where the court reversed a judgment for damages sustained by reason of the breach of a parol agreement for the conveyance of land, on a point not made in the trial court, it appearing that one of the defendants was a minor whose general guardian had not been made a party; neither had a guardian *ad litem* been appointed, although no exception on this ground had been taken in the court below.

In *Boerum* v. *Schenck,* 41 N. Y. 182, the court of appeals discovered that by inadvertence an error in figures had crept into the decree of the court below, to the prejudice of the infant defendant. Mr. Justice Woodruff, speaking for the court, said: "I am aware that no such objection to the decree was raised on this appeal; the amount involved in this correction

is not large. No doubt, the far greater importance of the main question has caused that error to be overlooked. But the defendant is an infant and ought not to be permitted to suffer in a court of equity by any purely technical omission, when the court clearly sees that an error has occurred to her prejudice.''

*Barnard* v. *Barnard,* 119 Ill. 92, 8 N. E. 320, was a bill in equity against a widow for assignment of dower and partition. The complainant was a minor. The trial court found, on the testimony of the widow alone, that the sum of $1,200, alleged to have been loaned by her to her husband in his lifetime, was a charge upon the realty sought to be partitioned. The supreme court said: ''This is supported by the testimony of the claimant and widow of the deceased, alone. She was clearly an incompetent witness for this purpose. * * * The complainant being a minor, the question of the incompetency of the testimony has not been waived. * * * Nor is any satisfactory reason shown why this claim was not probated against the estate. Not having pursued her remedy in the county court within a reasonable time, she is deemed to have waived it.''

*Glade Coal Mining Co.* v. *Harris,* 65 W. Va. 152, 63 S. E. 873, was an action to enforce the specific execution of an option contract. The court said: ''What shall we do with the decree against the infant defendants? [The plaintiff is] clearly not entitled to a decree against them. * * * We do not find that the question now for decision has heretofore been directly decided by this court, but in other jurisdictions it has, and held that the rule that it is the duty of the courts to protect the interests of infant litigants applies to an appellate court into which the case is brought, as well as to the trial court, and hence that on appeal the infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court, and that where the record shows error, as to a minor defendant, the judgment will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights.''

*Spradlin* v. *Stanley's Admr.*, 124 Ky. 701, 99 S. W. 965, was a proceeding by an administrator and others for the settlement of an estate and a sale of so much of the real property as might be necessary to pay debts. The widow and children of deceased were made parties, and from a judgment allowing claims and approving a sale of real estate they appealed. The children were represented by a guardian *ad litem*. The sale was confirmed without objection. The objection made in the appellate court for the first time was that the claims were not properly verified. The court of appeals said: "A party who is *sui juris* cannot stand by and permit judgment to be entered without objection and for the first time make the objection on appeal. But as to infants a different principle applies. They cannot waive any of their rights by mere failure to object. An erroneous judgment against an infant, where his condition appears in the record, must be reversed on appeal."

*Jespersen* v. *Mech*, 213 Ill. 488, 72 N. E. 1114, was a suit in partition. The court held that in that particular case the incompetency of testimony as against infant parties could not be waived by their counsel.

*Barrett* v. *Moise*, 61 S. C. 569, 39 S. E. 755, was also an action in partition. The court said: "Still, as the rights of a minor are involved, we will not decline to consider the case without regard to any fault in the manner in which the exceptions have been taken; for a minor has the right to insist upon his strict legal rights, and, if the plaintiff has been deprived of her interest in the land in question by want of compliance with the strict requirements of the law, she should be protected."

In *Kester* v. *Hill*, 46 W. Va. 744, 34 S. E. 798, the court said: "The plaintiffs, being infants, could admit nothing, and the report being again before the court for consideration for the purpose, among others, of settling the accounts of the guardian, it could, in the exercise of a sound discretion, receive and entertain further exceptions to the report."

That this court has not failed to protect the rights of infant parties in equity suits is evidenced by the decisions in *Power*

v. *Lenoir,* 22 Mont. 169, 56 Pac. 106, and *Davidson* v. *Wampler,* 29 Mont. 61, 74 Pac. 82.

Our Code (sec. 6481, Rev. Codes) provides that when an infant is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending. Section 6482, Revised Codes, provides how a guardian *ad litem* shall be appointed.

It will be noted that all of the cases cited by the appellant were either suits in equity or probate proceedings. It will also be noted that the objections urged in every instance went to substantial rights of the infant which the court was in a situation to protect. The courts in these cases were not dealing with mere details of practice, but in every case the fundamental rights of the infant had been neglected.

The supreme court of the United States, in *Kingsbury* v. *Buckner,* 134 U. S. 650, 10 Sup. Ct. 638, 33 L. Ed. 1047, said: "It is undoubtedly the rule that a next friend or guardian *ad litem* cannot, by admissions or stipulation, surrender the rights of the infant. The court whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming, or appointed, to represent him. But this rule does not prevent a guardian *ad litem* from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved."

In *Lemmon* v. *Herbert,* 92 Va. 653, 24 S. E. 249, *Rarick* v. *Vandevier,* 11 Colo. App. 116, 52 Pac. 743, *Successions of Byrne,* 38 La. Ann. 518, and *McMillan* v. *Hunnicutt,* 109 Ga. 699, 35 S. E. 102, it was held that a guardian *ad litem* may consent to orders made during the course of a trial which do not affect the substantial rights of the infant, even in equity.

But not any of these cases is exactly analogous to the one at bar. Here we have an infant plaintiff, the actor, appearing by his duly appointed guardian *ad litem,* and represented by able and experienced counsel, in an action at law, complaining of certain alleged errors occurring during the course of the trial, not any one of which can be said, on mere inspection of the record, to have certainly affected his substantial rights. We are un-

able to find in the books a case in which a like contention was advanced, and the industry of counsel has not furnished any. There are, however, some expressions of courts and law-writers bearing upon the subject:

The supreme court of Washington, in *Kromer* v. *Friday,* 10 Wash. 621, 39 Pac. 229, 32 L. R. A. 671, said: "In the absence of fraud or collusion, minors properly represented are bound as fully as if they had been majors and personally cited."

The supreme court of the United States, in *Kingsbury* v. *Buckner, supra,* said: "The infant, by his *prochein ami,* having prosecuted an appeal to the supreme court of Illinois from the original decree rendered in the suit brought by him, and having appeared by guardian *ad litem* to the appeal of Buckner and wife, is as much bound by the action of that court, in respect to mere errors of law, not involving jurisdiction, as if he had been an adult when the appeal was taken. In *Gregory* v. *Molesworth,* 3 Atk. 626, Lord Hardwicke said that 'it is right to follow the rule of law, where it is held an infant is as much bound by a judgment in his own action as if of full age; and this is general, unless gross laches, or fraud and collusion, appear in the *prochein ami;* then the infant might open it by a new bill.' So, in *Lord Brook* v. *Lord Hertford,* 2 P. Wms. 518, 519: 'An infant, when plaintiff, is as much bound, and as little prejudiced, as one of full age.' "

The supreme court of Iowa, in *Harris* v. *Bigley,* 136 Iowa, 307, 111 N. W. 432, held, in effect, that a decree against infants would not be set aside for newly discovered evidence, merely because the guardian *ad litem* did not put in evidence facts which were then patent, though if the guardian had colluded with the plaintiff to suppress facts, or was so grossly negligent that his failure to know and produce the evidence amounted to a fraud, the relief would be granted.

Mr Herman, in his Estoppel and Res Judicata, volume 1, page 178, section 164, says: "Representation in courts of justice is a necessity of civilized society, and the acts or neglects of the representative must in some degree be binding upon the party represented. And persons under disability at the time of a

judicial proceeding to which they are parties, represented by their guardians and agents, are bound upon the knowledge of such guardians or agents."

There is, of course, no evidence of fraud or collusion in this case. The same counsel who represented the plaintiff in the district court also appear for him here. Cases may perhaps arise, even at law, where the substantial rights of an infant party have been so far neglected by his counsel that he has palpably been deprived of a fair and impartial trial and an appellate tribunal should interfere to protect him; but this is not one of them. The questions sought to be raised are, to say the least, debatable. If the rule contended for by appellant's counsel had application to an action like the instant one, a reversible, though technical, error might be allowed to go unchallenged at the trial for the express purpose of working a reversal on appeal, and there would be no end to the litigation, unless the trial court, assuming charge of the plaintiff's case, could succeed in giving him an errorless trial.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

(Submitted December 11, 1911.    Decided December 23, 1911.)