ALDERIC RICHARDS, JR., ADMR.

*vs.*

JOSEPH E. NEAULT.

Cumberland.   Opinion December 27, 1926.

*In an action for personal injuries to plaintiff's intestate, brought for the benefit*
*of a minor child, evidence tending to show intoxication of driver of car in which plain-*
*tiff's intestate was riding, if known to her when accepting an invitation to ride, is*
*admissible as bearing on the question of her contributory negligence if the jury find*
*that his intoxication contributed to the accident.*

*Exceptions to any portion of the charge of the presiding justice must be taken before*
*the jury retires, and this rule is not waived or suspended because of the disability of*
*a minor.*

In the instant case the record of the driver's acquittal in a criminal proceeding
upon a charge involving his condition as to intoxication at the time of the acci-
dent not admissible.

Upon the evidence in this case, while it is susceptible of interpretations involving
the defendant's negligence, this Court can not say that the jury was clearly
wrong in accepting the version of the defendant as to how the accident oc-
curred and that he did all that a reasonably prudent man would have done to
avoid it.

On exceptions and general motion by plaintiff.   An action for
the benefit of a minor daughter of Albina Richard, deceased, to re-
cover damages for personal injuries suffered by the deceased which
resulted in her death, caused by a collision between an automobile
in which deceased was a passenger, driven by one Auguste Lavoie,
and an automobile owned and operated by the defendant in Bruns-
wick November 22, 1925.

Plaintiff alleged negligence on the part of defendant and contribu-
tory negligence on the part of intestate was urged by defendant.   Ex-
ceptions were taken to the admission and exclusion of certain testi-
mony, and a verdict for defendant was rendered and plaintiff filed a
general motion for a new trial.   Exceptions and motion overruled.

The case is stated in the opinion.

Vol. 126—3

*Ellis L. Aldrich,* for plaintiff.
*Ralph M. Ingalls and S. Arthur Paul,* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

WILSON, C. J.   An action under secs. 9 and 10,   Chap. 92, R. S., to recover for injuries resulting in the immediate death of the plaintiff's intestate, the injuries being received in an automobile collision alleged to have been due to the negligence of the defendant.   The plaintiff's intestate was his wife who is also survived by a minor child, for whose benefit this action is alleged to have been brought.

The defendant pleaded in defense the contributory negligence of the deceased.   The jury returned a verdict for the defendant.   The case is before this Court on exceptions by the plaintiff to the admission and exclusion of certain evidence and on a general motion for a new trial.

The exceptions must be overruled.   Evidence tending to show the intoxication of the driver of the car, in which plaintiff's intestate was riding as a passenger, if known to her before accepting the invitation to ride, was admissible as bearing on the question of her contributory negligence in the event of the jury finding that the driver's intoxication in any degree contributed to the accident.   Its weight was for the jury.

The record of the driver's acquittal, however, in a criminal proceeding upon a charge involving his condition as to intoxication at the time of the collision was not admissible in a civil proceeding between third parties.   Greenleaf Ev. Vol. 1., Sec. 537.

Counsel for the plaintiff, however, also contends that the presiding Justice at the trial below erred in his instruction to the jury, in that he submitted to them the question of fact as to whether the driver of the car in which the plaintiff's intestate was riding was to her knowledge intoxicated, when she and her husband accepted the invitation to ride, which was tantamount to an instruction that there was evidence on which such a finding could rest, when, in fact, and in law, the evidence warranted no such finding and the jury should have been instructed that there was no evidence to support such a finding; and that he further instructed the jury, that, "if the mother knew that the driver was in such a condition, that it was not safe for him to drive the car, it would have been negligence for her to entrust the

lives of herself and her baby to him; that if she knew it, the defense of contributory negligence was made out"; but failed to instruct the jury that it would not be contributory negligence unless the negligence of the driver also contributed to the accident.

No exceptions were taken to any portion of the charge, nor were any requests made for additional instructions by counsel at the trial covering these points. Counsel, however, invokes the doctrine that inasmuch as this action is brought for the benefit of a minor, this Court will not permit the interests of such minor to be prejudiced by errors of the trial court, even though counsel failed to properly safeguard and protect them in accordance with the rules of the Court or the law of procedure.

While the courts, in all proceedings in which a minor is a party, by reason of his presumed disability, jealously guards his rights, *McClellan* v. *McClellan*, 65 Me., 508; Ann. Cases 1913B 440 Note, yet where substantial rights are not clearly affected, and he is represented by a guardian *ad litem* and by counsel, whose good faith is not questioned, the appellate courts will not reverse verdicts at law, simply because through some oversight of counsel, or inadvertent omission of the trial court the interests of a minor may have been adversely affected, unless the question is raised in the court below. *Byrnes* v. *Butte Brewing Co.*, 44 Mont., 328; *Tripp* v. *Gifford*, 155 Mass., 109.

Litigation involving minors might be interminably prolonged if counsel in their behalf may sit silent at the trial below, and in case the trial court does not secure an errorless trial, take advantage before the appellate court of every error of commission or omission and secure a reversal of a verdict in case it is against the minor.

However, we do not think there are any grounds for applying the rule invoked by counsel to a case brought under the statute here involved. While a minor is a beneficiary, the action, by the terms of the statute, is brought by the personal representative of the deceased. A personal representative is in all cases qualified to prosecute and defend suits involving an estate or its beneficiaries. No question can arise as to his disability or his capacity to properly safeguard and protect the estate or the interests of those for whose benefit an action is brought. There is, therefore, no occasion, where a personal representative prosecutes or defends, for the Court to suspend its rules designed to secure orderly procedure and terminate litigation, because the interests of a minor who is not a party may be adversely

affected as an heir, or beneficiary under a will, or even under the statute here involved.

The only question left for consideration, therefore, is whether the motion for a new trial should be sustained. The jury were clearly instructed that, while the burden was on the plaintiff to prove the accident was due to the defendant's negligence, the burden was on the defendant to prove contributory negligence on the part of the plaintiff's intestate and that any negligence of the driver could not be imputed to her. It is inconceivable, we think, upon the evidence that the jury could have found that any negligence of the plaintiff's intestate contributed to the accident, which the defendant now concedes. The verdict, therefore, must have been based upon the ground that the plaintiff did not sustain the burden of proving negligence on the part of the defendant.

The injuries resulted from a collision between two automobiles in Brunswick about 10 o'clock at night at two intersecting streets in a built-up portion of the town. The car in which the deceased was riding with her husband and little child as passengers driven by one Lavois, and which we shall hereafter refer to as the Lavois car, was proceeding along Union Street, which runs approximatey north and south and crosses at right angles Pleasant Street, the main thoroughfare between Brunswick and Portland, which runs approximately east and west. The Lavois car was going north and the defendant's car was proceeding west toward Portland.

At these intersecting streets the defendant's car, therefore, under the statute, had the right of way over the Lavois car. While there was, of course, a conflict of testimony as to the respective speed of the two cars at the time of the collision, the defendant's car was, according to his own testimony, violating the law as to speed in the built-up portions of a town.

However, each saw the other approaching and, notwithstanding each had a right to presume the other would obey the law, each was bound to exercise that degree of care that a reasonably prudent man would use under like circumstances to avoid injuring the other, and to exercise that degree of care under the circumstances as they arose.

Each has a different version as to how the accident occurred, and, according to their respective versions, the other party was at fault. Lavois, corroborated by the other witnesses for the plaintiff, testified that he was proceeding slowly along Union Street, and as he

approached Pleasant Street, he slowed down to permit another car to pass along Pleasant Street, and seeing the defendant's car approximately one hundred and seventy-five feet distant, started up to cross Pleasant Street, believing he had sufficient time to cross, but, owing to the rapid rate, estimated at thirty to thirty-five miles per hour, at which the defendant's car was being driven, before the Lavois car had reached the other side, it was struck by the defendant's car and turned completely over, causing the injuries which resulted in the death of the plaintiff's intestate.

The defendant and his witnesses, however, say that the Lavois car was being driven at an excessive rate of speed along Union Street, while the defendant's car was proceeding at a reasonable rate, viz., eighteen to twenty miles per hour, and as he approached Union Street he saw the Lavois car coming on Union Street, and expected the driver would stop or slow down and give him the right of way, and it was not until he was so near the point of collision that he could not avoid it, that he first realized that the Lavois car was not going to give him the right of way, but was attempting to cross Pleasant Street in front of him.

To accept the version of the plaintiff and his witnesses *in toto* involves the acceptance of the improbable, viz., that with the Lavois car proceeding slowly, as Lavois says he was, across Pleasant Street and in full view of the defendant, the defendant, with abundant room to turn to the left where there was an unobstructed passage, as no cars were approaching from the opposite direction, and with no apparent effort to avoid the Lavois car, and when the Lavois car had nearly reached the other side of Pleasant Street, drove his car at thirty to thirty-five miles per hour directly into the Lavois car. Since, according to the plaintiff's witnesses, the defendant's car was travelling at three times the rate of the Lavois car, it must have become apparent to the defendant when he was fifty to seventy-five feet away that the Lavois car was about to cross Pleasant Avenue without stopping. Upon the plaintiff's version, it was not a case where the cars might be said to have arrived at the same point at the same time, but of one car having nearly crossed the street and the other deliberately running into it. His explanation involves such an absolute indifference on the part of the defendant, not only to the safety of whoever might be in the Lavois car, but of the occupants of his own car, that it may well have seemed to the jury improbable.

On the other hand, if Lavois was proceeding at a rapid rate of speed as claimed by the defendant, or even if at no greater rate than the defendant's car according to the defendant's witnesses, it would not be unreasonable for the jury to conclude, as the defendant testified, that he did not realize that the Lavois car was not going to stop and give him the right of way until he was so near the point of collision that he could not avoid it, that he turned his car to the left as far as he could and put on his brakes; that he was not guilty of negligence in assuming that Lavois would give him the right of way and that his exceeding the statutory limit of speed in no way contributed to the accident.

The jury evidently accepted the version of the defendant and his witnesses, and while it is true that the evidence is susceptible of other constructions involving the negligence of the defendant, we are unable to say that the jury was so clearly wrong in accepting the defendant's version, and in finding that the plaintiff failed to sustain the burden of showing that the defendant was at fault, as to require the verdict to be disturbed.

*Exceptions and motion overruled.*