WENDELL R. BUBAR *vs.* VINCENT P. FISHER.

GEORGE S. FOSS, PRO AMI *vs.* VINCENT P. FISHER.

Aroostook.     Opinion, August 26, 1935.

*Herschel Shaw,* for plaintiffs.
*Granville C. Gray,*
*Ralph K. Wood,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER,
HUDSON, JJ.

THAXTER, J.   The plaintiffs in these two cases, which were tried
together, were passengers in an automobile driven by the defendant,
Vincent P. Fisher. They were injured, when the car, in making a
right angle turn from one street to another, went off the road, and
plunged to the bed of a stream forty feet below. In each case a
verdict was found for the plaintiff, and each is now before us on the
defendant's general motion for a new trial and on an exception to
the refusal to give a requested instruction.

There is ample justification for the finding of the jury that the
defendant was negligent. The controversy is as to the contributory
negligence of the plaintiffs, which, according to the defendant's
contention, is indicated by their accepting an invitation to ride
with him, when he was in an intoxicated condition. That the de-
fendant had had liquor to drink seems to be established, but that
his being under the influence of it was a contributing cause of the
accident is not altogether clear, and much less so that the plaintiffs
knew his condition. He states that he could drive "all right," and

that the accident happened because he got into some gravel and lost control of the car. The plaintiffs claim that they saw no indication that he was under the influence of liquor. Dr. Blossom, who treated him after the accident, testifies that he had been drinking heavily, and a police officer says that he smelled liquor on his breath. The evidence does not show that either of the plaintiffs was under the influence of liquor. Under such circumstances it seems clear that the question of the plaintiffs' contributory negligence was for the jury.

Neither can we hold that the damages are excessive. The plaintiff, Bubar, suffered severe lacerations to his head, and for a time was in a serious condition from shock caused by loss of blood and immersion in the water. He had some injury to his back, diagonsed as a sacro-iliac strain which has incapacitated him to some extent. He was awarded $910. The amount does not seem unreasonable, nor does the sum of $322 given to the plaintiff, Foss, who had bills for physicians, hospitalization, and nursing, and was incapacitated for work for some little time.

The defendant in each case requested the following instruction:

"If you find that this plaintiff accompanied this defendant on the night of the accident and drank with the defendant or knew that the defendant was drinking to the extent that he was under the influence of liquor and then voluntarily reentered the car, or continued therein, and went on with the defendant, you must as a matter of law find that the plaintiff was negligent and that he cannot recover in this action."

This instruction would have required the jury to have found for the defendant, if the plaintiff had drunk with the defendant on the night of the accident regardless of the amount of liquor taken or the effect of it on the defendant. Furthermore, it is necessary in order to establish contributory negligence in a case such as this, not only that the driver of the car should, to the knowledge of the passenger, have been under the influence of liquor, but that this condition should have been a contributing cause of the accident. *Richards* v. *Neault*, 126 Me., 17, 135 A., 524. The instruction was properly refused.                    *Motions overruled.*
                                                    *Exceptions overruled.*