[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has moved to strike the special defenses and claim of set-off filed by the defendant, Suzanne J. Nettleton in this action in which the plaintiff seeks to foreclose its first mortgage on property in Middletown, Connecticut. The First Special Defense alleges that the plaintiff's failure to accept a deed in lieu of foreclosure is a breach of the implied covenant of good faith and fair dealing. The Second Special Defense alleges that the failure to accept a deed in lieu of foreclosure also constitutes a breach of the doctrine of unclean hands. The Third and Fourth Special Defenses allege that the plaintiff is barred from enforcing the Note and Mortgage under the doctrines of equitable estoppel and laches, respectively.
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946
(1980); duress or coercion and material alteration, Second NewHaven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530,532, 438 A.2d 733 (1980); discharge, Guaranty Bank TrustCo. v. Darling, 4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v. Patterson,152 Conn. 467, 208 A.2d 341 (1965); and lack of consideration,Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
In Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587
(1981) (Satter, J.) the court considered a motion to strike a special defense which alleged that the mortgagors had tendered a quit claim deed which was refused by the mortgagee. The court granted the motion to strike and held that the tender by the mortgagors of the deed to the property being foreclosed did not state a valid defense to the mortgagee's action to recover interest, cost, and attorneys' fees accruing after tender. The court in Platz reasoned that "the general rule is that both payment of, and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. 60 Am.Jur.2d, Payment 32. Tender has been defined by the Supreme Court as `an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, CT Page 4108 the actual production of the money and the placing of it in the power of the person entitled to receive it.'" Id. 32, citingMayron's Bake Shop, Inc. v. Arrow Stores, Inc., 149 Conn. 149,155-156, 176 A.2d 574 (1961); Hall v. Appel, 67 Conn. 585,135 A. 524 (1896). The court in Platz also noted that the offer of a deed is not a defense to a foreclosure action because of the potential questions of the validity of title conveyed by the deed. The offer of a deed in lieu of foreclosure may present a myriad of problems to a lender which the lender does not encounter if it obtains a judgment of foreclosure. One such problem is the adequacy of the consideration from the mortgagee to the mortgagor for a deed of the equity of redemption. The court in Cohn v. Bridgeport Plumbing Supply Co. Inc., 96 Conn. 696,706, 115 A. 328 (1929) stated that the mortgagor may release the equity of redemption to the mortgagee for a good and valuable consideration when done voluntarily without fraud and when no undue influence has been brought to bear upon him by the creditor.
Another problem a lender faces in accepting a deed in lieu of foreclosure is that of merger. The general rule is that where a mortgagee acquires the equity of redemption in mortgaged premises and there is no intermediate estate so that the whole title becomes vested in him, merger of the mortgage interest into the fee occurs in the absence of evidence of a contrary intention or prejudice resulting to the mortgagee. Glotzer v. Keyes, 125 Conn. 227,235, 5 A.2d 1 (1939). A merger of the legal and equitable interest in the property can occasionally place the lender in worse position that if it had foreclosed. The most common and notable example of this situation occurs when there are subsequent encumbrances. Since the mortgage has been extinguished, the lender has no mechanism for foreclosing out the subsequent creditors. The tender of a deed in lieu of foreclosure is not equivalent to payment of the underlying mortgage debt and the mortgagee's refusal to accept such a deed does not defeat its right to foreclose the mortgage.
The conduct of a bank after default in a mortgage note may result in a diminution in the interest a bank may recover on a deficiency judgment. See e.g., Citicorp Mortgage, Inc. v. Upton,42 Conn. Sup. 302 (1992, Freed, J.). However, it does not bar the bank from foreclosing the mortgage, as the defendant's special defense alleges.
For the reasons set forth above, the plaintiff was not CT Page 4109 required to accept a deed in lieu of foreclosure. Therefore, failure to do so could not have constituted a breach of the covenant of good faith and fair dealing, conduct evidencing unclean hands, laches and could not estop the plaintiff from pursuing its foreclosure action. Similarly, the bank's failure to accept a deed in lieu of foreclosure cannot support the defendant's claim that she is entitled to a set-off of all expenses she incurred in connection with the property after the plaintiff refused to accept her tender of the deed of the property.
For the foregoing reasons the Motion to Strike the Special Defenses and Set-Off is granted.
By the Court,
Aurigemma, J.