[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action the plaintiff seeks to foreclose a mortgage from David J. Cummings and Judith K. Cummings to New England Savings Bank on property known as 49 West Shore Drive, Clinton, Connecticut. The complaint alleges that the mortgage deed was granted to New England Savings Bank, the plaintiff's predecessor in interest, to secure a promissory note in the original principal amount of $118,000. It further alleges that the defendants failed to make the October 1, 1993 payment due under the note and that the plaintiff elected to accelerate the amounts due thereunder.
The defendant, David J. Cummings, has filed a Disclosure of No Defense, which indicates that he has no defense to the action. The defendant, Judith K. Cummings, has filed a Disclosure of Defense which, states that she has the following defenses to the action: 1) she offered the plaintiff a deed in lieu of foreclosure, but the plaintiff refused; 2) the value of the property at the time of the offer of the deed in lieu of foreclosure was equal to the value of the debt; 3) the plaintiff refused to guarantee the realtor's commission when Judith Cummings offered to sell the property to reduce the possible deficiency judgment.
The plaintiff has moved to strike the Disclosure of Defense on the grounds that the defenses alleges therein are not valid defenses to this action. The court agrees.
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946
(1980); duress or coercion and material alteration, Second NewHaven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530,532, 438 A.2d 733 (1980); discharge, Guaranty Bank TrustCo. v. Darling, 4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v. Patterson,152 Conn. 467, 208 A.2d 341 (1965); and lack of consideration,Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967). CT Page 4105
In Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587
(1981) (Satter, J.) the court considered a motion to strike a special defense which alleged that the mortgagors had tendered a quit claim deed which was refused by the mortgagee. The court granted the motion to strike and held that the tender by the mortgagors of the deed to the property being foreclosed did not state a valid defense to the mortgagee's action to recover interest, cost, and attorneys' fees accruing after tender. The court in Platz reasoned that "the general rule is that both payment of, and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. 60 Am.Jur.2d, Payment 32. Tender has been defined by the Supreme Court as `an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it.'" Id. 32, citingMayron's Bake Shop, Inc. v. Arrow Stores, Inc., 149 Conn. 149,155-156, 176 A.2d 574 (1961); Hall v. Appel, 67 Conn. 585,135 A. 524 (1896). The court in Platz also noted that the offer of a deed is not a defense to a foreclosure action because of the potential questions of the validity of title conveyed by the deed. The offer of a deed in lieu of foreclosure may present a myriad of problems to a lender which the lender does not encounter if it obtains a judgment of foreclosure. One such problem is the adequacy of the consideration from the mortgagee to the mortgagor for a deed of the equity of redemption. The court in Cohn v. Bridgeport Plumbing Supply Co. Inc., 96 Conn. 696,706, 115 A. 328 (1929) stated that the mortgagor may release the equity of redemption to the mortgagee for a good and valuable consideration when done voluntarily without fraud and when no undue influence has been brought to bear upon him by the creditor.
Another problem a lender faces in accepting a deed in lieu of foreclosure is that of merger. The general rule is that where a mortgagee acquires the equity of redemption in mortgaged premises and there is no intermediate estate so that the whole title becomes vested in him, merger of the mortgage interest into the fee occurs in the absence of evidence of a contrary intention or prejudice resulting to the mortgagee. Glotzer v. Keyes, 125 Conn. 227,235, 5 A.2d 1 (1939). A merger of the legal and equitable interest in the property can occasionally place the lender in worse position that if it had foreclosed. The most common and notable example of this situation occurs when there are subsequent encumbrances. Since the mortgage has been CT Page 4106 extinguished, the lender has no mechanism for foreclosing out the subsequent creditors. The tender of a deed in lieu of foreclosure is not equivalent to payment of the underlying mortgage debt and the mortgagee's refusal to accept such a deed does not defeat its right to foreclose the mortgage.
In this case it appears from the pleadings that David and Judith Cummings are both the record owners of the mortgaged property. Therefore, a deed in lieu of foreclosure offered by Judith Cummings alone would have been completely insufficient to give the plaintiff complete title to the property, even if the other issues set forth above did not adversely affect the plaintiff's interests.
Under the law of Connecticut the plaintiff can obtain a deficiency judgment against the defendants for the difference between the amount of the debt and the value of the mortgaged property, if the value of the property at the time title vests in the plaintiff is less than the amount of the debt. See Connecticut General Statutes § 49-14. Therefore, a reduction in the amount of the deficiency judgment inures to the benefit of the defendants. In any event, Judith Cummings does not assert that any portion of the mortgage note or deed required the plaintiff to pay for the realtors' commission on the sale of the mortgaged property, nor does she cite any law to support her contention that a mortgagee's failure to agree to pay the mortgagor's realtors' commission constitutes a defense to a foreclosure action. The assertion of such a defense is patently ridiculous.
For the foregoing reasons, the Motion to Strike the Disclosure of Defense is granted.
By the Court,
Aurigemma, J.