The Connecticut Bank and Trust Company v.
Ahmed A. Dadi et al.

Cotter, C. J., Bogdanski, Peters, Healey and Parskey, Js.

Argued November 14—decision released December 16, 1980

*Jeffrey R. VanKirk,* for the appellant (named defendant), with whom was *Ahmed A. Dadi,* pro se, the appellant (named defendant).

*Samuel J. Henderson,* with whom was *Robert M. Dombroff,* for the appellee (plaintiff).

PER CURIAM. The issue on this appeal is whether the trial court erred in ordering a judgment awarding the plaintiff damages and reasonable attorney's fees based upon certain defaults by the defendant as to four promissory notes and a Master Charge account, and overdrafts of a checking account.

In his answer to the plaintiff's complaint, the defendant[1] filed a general denial and raised several special defenses and a counterclaim, but did not challenge the execution of any of the instruments.

As to counts one, three, four and five, all of which involved promissory notes, § 42a-3-307 (2) of the General Statutes is dispositive. That section provides that: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." The execution of the instruments has not been challenged by the defendant. That the instruments are negotiable is beyond question. They are signed by the maker, contain an unconditional promise to pay a sum certain in money, and are payable at a definite time and to order. General Statutes § 42a-3-104 (1). The plaintiff was the holder, the last person in possession and the person to whom they were issued. General Statutes § 42a-1-201 (20).

Upon this showing, it was incumbent upon the defendant to allege and prove a defense. General Statutes § 42a-3-307 (2). The defendant has failed to allege or prove payment or set forth a defense to these counts.

By way of pleading, however, the defendant alleged that on July 19, 1976, he entered into an oral novation with the plaintiff whereby the

---

[1] Count two against the defendant Roy Orbell was withdrawn.

indebtedness in counts one and two were to be embodied in a new note. The court, however, found the agreement concerning renewals to be conditioned upon the payment of interest in advance and that the "[d]efendant executed two of three notes and returned them to the bank without any interest payment. As a result, they never became effective. A third note never was executed or returned." The defendant failed to establish novation.

In the sixth count, the plaintiff alleged that the defendant failed to make the Master Charge payment due on July 6, 1976. Payment, even though nonpayment has been alleged by the plaintiff, must be specially pleaded as a defense. Practice Book, 1978, § 164; 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 89c. In his answer the defendant failed to plead payment. Furthermore, at the trial the defendant could not state whether he had paid the amount due on July 6.

Lastly, the plaintiff sought recovery of overdrafts. The drawing of a check by a depositor in a sum greater than he has on deposit implies the depositor's promise to repay the bank the amount by which the account is overdrawn. Bailey, Brady on Bank Checks (5th Ed. 1979) § 17.5; U.C.C. § 4-401, official comment No. 1, 2A U.L.A.

Here, the defendant did not specially plead any defense or offer any evidence that the overdraft had been paid. In fact, he admitted the amount of the overdraft balance.

There is no error.