[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE AND TO STRIKE OR BIFURCATE COUNTERCLAIMS
The Complaint in this action seeks to recover on a commercial promissory note dated July 23, 1987 from the defendants Aries Insurance Co., Ltd., and Chapin W. Miller in the original principal amount of $278,385.86. The complaint alleges that the installments of principal and interest due under the note have not been paid.
By Answer dated July 2, 1991, the defendants interposed two special defenses and four counterclaims. The plaintiff has moved to strike the special defenses and has moved to strike or bifurcate the counterclaims.
In the First Special Defense the defendants allege that in its transactions and business dealings with the defendants the plaintiff impliedly covenanted to act in good faith and that the plaintiff breached this covenant in various ways including its refusal to permit an extension of the amortization schedule on certain interrelated loans between the parties, its untrue CT Page 9835 representations that it would provide additional financing to the defendant, its negotiation in bad faith concerning additional financing, its refusal to provide additional financing, and its refusal to release "excess" collateral to permit the defendant to obtain financing from other sources. The defendants do not allege that the foregoing actions bar the plaintiff's action, but, rather, that they caused the defendants to sustain damages.
The Second Special Defense alleges that the conduct described in the First Special Defense constituted the breach of a fiduciary relationship between the plaintiff and the defendants which arose during a course of dealing between the parties over a period of years. As in the First Special Defense, the defendants do not allege that the breach of the fiduciary duty bars or defeats the action, but that it caused the defendants to sustain damages.
Practice Book 164 provides in relevant part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements which show, notwithstanding, that he has no cause of action, must be specially alleged.
The First and Second Special Defenses do not show that the plaintiff has no cause of action. They do not address the making, validity or enforcement of the note which is the subject of the complaint. Rather they allege the nonperformance, breach, and misrepresentation with respect to agreements and dealings between the parties which are separate from the note referred to in the complaint.
Connecticut has recognized the following defenses to an action on a promissory note: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate, Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946
(1980); duress or coercion and material alteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530,532, 438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling, 4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v. Patterson, 152 Conn. 467, CT Page 9836208 A.2d 341 (965); and lack of consideration Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967)
Various Superior Court decisions have held that special defenses similar to those alleged by the defendant are inapplicable to a mortgage foreclosure proceeding. The present action is not a foreclosure action. However, the validity of a promissory note secured by a mortgage is an issue in all foreclosure proceedings. In New England Savings Bank v. High Ridge, Inc., et al, Conn. L. Rptr. #5 110 (November 10, 1991, Leuba, J.) the court held that the defense of "unclean hands" claiming that the bank failed to comply with the terms of a loan modification agreement was inapplicable in a foreclosure action.
In Citytrust v. Kings Gate Developers, Inc., 2 Conn. L. Rptr. #639 (1990, Lewis, J.) the court held that a claim that the bank tortiously interfered with a contact to sell the mortgaged property at a price which would have satisfied the mortgage note was not a valid Special Defense under Practice Book 164.
Similarly in Connecticut Savings Bank v. Thomas F. Reilly,12 Conn. Sup. 327 (1944) the Superior Court sustained a demurrer to a Special Defense alleging abuse of process due to excessive attachment stating that "it does not avoid the plaintiff's cause of action and is totally without merit as a defense."12 Conn. Sup. at 329.
The defendant filed a Request to Amend Special Defenses dated August 14, 1991 in which it has added an allegation to the Special Defenses to the effect that the alleged breach of the covenant of good faith and fair dealing relieved the defendants of any and all obligations under the note which is the subject of the action. Since the Request to Amend was filed after the Motion to Strike, and the plaintiff has not addressed the Amended Special Defenses in its Motion to Strike, the court does not consider the Amended Special Defenses here.
The defendant has also interposed a counterclaim which alleges that defendant Aries Insurance Co., Ltd. Chic Miller's Chevrolet-Isuzu, Inc., EFA Acceptance Corporation, and Chapin W. Miller ("Consolidated Defendants") area defendants in six interrelated actions commenced simultaneously by the plaintiff. It further alleges that for a number of years the plaintiff and the Consolidated Defendants engaged in a continuing business CT Page 9837 relationship which included a number of loan transactions and deposit relationships. During 1989, 1990 and 1991 economic conditions in areas in which the Consolidated Defendants operated took a significant downturn. In early 1990 the Consolidated Defendants requested that the plaintiff rewrite and restructure loan transactions and advance additional funds. The plaintiff refused to do so and also refused to release certain "excess" collateral to permit the Consolidated Defendants to obtain financing from another source. As a result of those actions the defendant claims that the business of the Consolidated Defendants was adversely affected and the defendant suffered damages.
The Counterclaim is in four counts which allege that the conduct of the plaintiff constituted 1) a breach of its implied covenant of good faith and fair dealing; 2) a breach of its "contractual agreements" with the Consolidated Defendants; 3) a breach of fiduciary duties owed to the Consolidated Defendants' and 4) unfair or deceptive acts or practices under Connecticut General Statutes 42-110b et. seq. (Connecticut Unfair Trade Practices Act or "CUTPA").
Practice Book 116 provides that a defendant may file a counterclaim against a plaintiff provided that "each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint."
The purposes underlying Practice Book 116 are "judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action." Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983). In determining whether claims made in a complaint and counterclaim are essentially "one action," a court must consider whether a substantial duplication of effort would result if each claim was tried separately. Id.
The complaint alleges that the defendants Aries Insurance Co., and Chapin W. Miller breached their obligation (payment) under a promissory note dated in 1987. The counterclaims do not relate to the making, validity, or enforcement of that note. Instead, the counterclaims allege agreements, failures to agree, and other actions by the plaintiff which post-dated the aforementioned note and which were wholly separate and distinct from the rights and obligations of the parties under the note. Therefore, if the claims of the complaint and counterclaims are CT Page 9838 tried separately, a substantial duplication of effort will not result.
For the foregoing reasons, the Motion to Strike the special defenses and counterclaims is granted.
BY THE COURT
Aurigemma, J.