[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint seeks to foreclose a mortgage on the property of the defendant, Yolanda Depamphilis, which was granted to the plaintiffs to secure a promissory note in the original principal amount of $76,000 from the defendant to the plaintiffs. The defendant Depamphilis has filed an answer, two special defenses, and two counterclaims to the complaint.
The plaintiffs have moved to strike the first special defense and both counterclaims. The first special defense is set forth as follows:
 The plaintiffs breached their duty of good faith and fair dealing in negotiating, preparing and entering into the subject loan transaction.
The plaintiffs have moved to strike the first special defense on the grounds that it does not state a cognizable defense to a foreclosure action. Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz, 193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491,495, 429 A.2d 946 (1980); duress or coercion and material CT Page 3809 alteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79,467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530, 532, 438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling, 4 Conn. App. 376, 380,494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v. Patterson, 152 Conn. 467, 208 A.2d 341 (1965); and lack of consideration, Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
It is true that the Connecticut Supreme Court has recognized that the duty of good faith and fair dealing is present in every contract. See Magnan v. Anaconda Industries, 193 Conn. 558, 566
(1984). However, the defendant is not alleging a breach of such a duty which arose out of the promissory note, the contract in this case. Rather, the defendant is alleging a duty of good faith and fair dealing which existed prior to the existence of the contract. Moreover, the first special defense contains no mention whatsoever of the conduct of the plaintiffs which constituted the alleged breach of the covenant of good faith and fair dealing. It is, therefore, analogous to a special defense for comparative negligence in which the defendant alleges that the plaintiff was negligent but fails to specify the negligent acts.
In the absence of authority which provides that the duty of good faith and fair dealing arose prior to the making of the contract, and in the absence of any specific factual allegations identifying the actions which breached the covenant, the first special defense does not set forth a legally sufficient special defense to a foreclosure action and is hereby ordered stricken.
The first counterclaim alleges that at the time she entered into the mortgage transaction, Depamphilis was subsisting on social security payments and minimal wages from a part-time job with no prospect for improving her economic condition and that the plaintiffs "knew or should have known" of her inability to repay the mortgage. If further alleges that "the issuance of the mortgage when the plaintiffs knew of the defendant's inability to repay that mortgage was a breach of the plaintiffs duty of good faith and fair dealing. . ." It is not entirely clear what the defendant means by "issuance of the mortgage" in the context of this case. The court assumes that Depamphilis is alleging that in making the mortgage loan to her, when they knew or should have known that she was unable to repay it, the plaintiffs breached the implied covenant of good faith and fair dealing.
The defendant has provided no authority to support her claim CT Page 3810 that the duty of good faith and fair dealing arose during negotiations prior to the execution of the mortgage note. She has also failed to cite any authority for her claim that a lender has a duty to inquire into a borrower's ability to repay a loan prior to making the loan. The court is aware of no such authority. In Connecticut National Bank v. Anderson, 5 Conn. L. Rptr. 60
(Pickett, J. 1991) the court found that Connecticut law imposed no such duty on a lender, even though the lender was a commercial bank.
For the foregoing reasons, the first counterclaim fails to state a cause of action on which relief can be granted and is ordered stricken.
In the second counterclaim, the defendant alleges that in entering into the mortgage transaction with the defendant when they knew or should have known of her inability to repay the mortgage loan, the plaintiffs committed an unfair trade practice within the meaning of Connecticut General Statutes 42-110a, et seq. The defendant has failed to allege that she suffered any ascertainable loss as a result of the alleged unfair trade practice of the plaintiffs as required under Connecticut General Statutes 42-110g
and Hinchcliffe v. American Motors Corp., 184 Conn. 607, 615,440 A.2d 810 (1981). Therefore, the second counterclaim is ordered stricken.
By the Court,
Aurigemma, J.