[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to strike the defendant's special defenses and has filed a memorandum in support of the motion. The defendant failed to file any opposing memorandum.[1]
A motion to strike properly challenges the legal sufficiency of a special defense. Practice Book § 152(5); Krasnow v.Christensen, 40 Conn. Sup. 287, 492 A.2d 850 (1985, Burns, J.). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206,218-19, 520 A.2d 217 (1987). When ruling on a motion to strike, the court must construe all well pleaded facts of the contested pleading in the manner most favorable to the nonmovant. Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
Having produced a copy of the note and asserted its ownership of the note, the plaintiff has made a sufficient showing that entitles it to recover on the note, unless the defendants alleges and proves valid defenses. Connecticut Bank Trust Co. v. Dadi, 182 Conn. 530, 531, 438 A.2d 733 (1980); see also General Statutes § 42a-3-307(2) (Rev. to 1991)[2] ("When the signatures are admitted or established, production of the instrument entitles a holder to recover on it unless thedefendant establishes a defense." (Emphasis added)).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992). The defendant's first special defense does not demonstrate that the plaintiff has no cause of action or is not entitled to enforce the note, but contests the amount the defendant may ultimately collect. Because the defendant has failed to allege facts indicating that the CT Page 5123 defendant has no cause of action, the plaintiff's motion to strike the defendant's first special defense is granted.
In the second special defense, the defendant realleges that the plaintiff failed to demand payment, following a default, at a time when the value of the property securing the note was greater than the debt, and thereby denied the defendant the "ability to fully pay the note through foreclosure of the collateral." "It is well established that the plaintiff is entitled to pursue its remedy at law on the note, or to pursue remedy in equity upon the mortgage, or to pursue both."Hartford National Bank Trust Co. v. Kotkin, 185 Conn. 579,581, 441 A.2d 593 (1981). The obligation of the maker on a promissory note, or one who assumes the duty of a maker, is to pay the note according to its terms. See General Statutes § 42a-3-413
(Rev. to 1991). Unless otherwise specified in the terms of the note, the debtor must make payment with money. Bank ofBoston v. Platz, 41 Conn. Sup. 587, 589, 596 A.2d 31 (1991) (debtor on a note does not have the right to discharge his obligation by deeding property securing the note over to the holder of the note). Because the defendant does not have a right to pay the note "through foreclosure," but rather must pay according to the terms of the note, the defendant's second special defense is legally insufficient. Therefore, the plaintiff's motion to strike the second special defense is granted.
/s/ Sylvester, J. ____________________ SYLVESTER