[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff in this foreclosure action has moved to strike the Second Special Defense, the Fifth Special Defense and the Fourth Count of the Counterclaim on the grounds that they fail to state a claim upon which relief can be granted. The Fifth Special Defense alleges contributory negligence. At oral argument the defendant, George Barlas, conceded that the contributory negligence special defense was inapproprately [inappropriately] pleaded in this action, since the plaintiff does not allege that Barlas was negligent. Therefore, that special defense is ordered stricken.
The Second Special Defense alleges that the plaintiff failed to mitigate its damages, and the foreclosure action is, therefore, barred.
Practice Book § 164 provides in relevant part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements which show, notwithstanding, that he has no cause of action, must be specially alleged.
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate, Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980); duress or coercion and material alteration, Second New Haven Bankv. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment,Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530, 532,438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling,4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum,Heating Acceptance Co. v. Patterson, 152 Conn. 467, 208 A.2d 341
(1965); and lack of consideration, Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
Foreclosures are equitable actions. The conduct of a bank after the default in a mortgage note may result in a diminution in the interest a bank may recover. See e.g., Citicorp Mortgage, Inc.v. Upton, 42 Conn. Sup. 302 (1992, Freed, J). However, the concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of CT Page 6262 which has been agreed to by the defendant maker of a promissory note.
Based on the foregoing, the motion to strike the Second Special Defense is granted.
Count Four of the Counterclaim alleges that the plaintiff has violated the Connecticut Unfair Trade Practices Act, Connecticut General Statutes §§ 42-110a, et seq. ("CUTPA"). Our Appellate courts have not resolved the issue of whether CUTPA applies to banking activities. See Gaynor v. Union Trust, 216 Conn. 458, 482,582 A.2d 190 (1990).
A number of Superior Court cases have held that CUTPA does not apply to banks because banks are expressly exempt from the Federal Trade Commission Act ("FTCA"), from which CUTPA is derived, and because banks are already subject to pervasive statutory regulation. See, e.g., Evervest, Inc. v. Advest Bank, [6 CSCR 800] 4 CTLR 423 (August 12, 1991, Wagner, J.); Washington Trust Co. v.Alland Associates, 3 CTLR 447 (April 9, 1991, Leuba, J.); BristolSavings Bank v. Sattler, 4 CSCR 351 (March 29, 1989, Aronson, J.);People's Bank v. Horesco, 1 CSCR 62 (January 22, 1986, Jacobson, J.); aff'd on other grounds, 205 Conn. 319 (1987).
Unlike the FTCA, CUTPA does not specifically exempt banks. However, it does provide, the following relevant exception: "Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the State or of the United States . . ." General Statutes § 42-110c(a)(1).
In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172,510 A.2d 972 (1986) and in Connelly v. Housing Authority, 213 Conn. 354,362, 567 A.2d 1212 (1990), the Connecticut Supreme Court has held that CUTPA does not apply to the purchase and sale of securities and the actions of municipal housing authorities, respectively, because such activities are regulated by state and federal regulatory bodies.
This court adopts the position of the Superior Court cases cited above and the reasoning of Russell and Connelly and holds that CUTPA does not apply to the actions of banks because they are subject to pervasive state and federal regulation. The Fourth Count of the Counterclaim is, therefore, ordered stricken.
By the Court,
Aurigemma, J. CT Page 6263