**Doris PINGEL and Richard Pingel**

v.

**CONNECTICUT NATIONAL BANK and SKW Real Estate Limited Partnership.**

Civ. No. 3–92–319 (WWE).

United States District Court, D. Connecticut.

July 26, 1994.

James William Shea, Pierre–Yves Kolakowski, Shea & Oestreicher, P.C., North Branford, CT, for plaintiffs Doris & Richard Pingel.

Darrell K. Fennell, Chapman & Fennell, Stamford, CT, for defendant Connecticut Nat. Bank.

Houston Putnam Lowry, Brown & Welsh, Meriden, CT, for defendant SKW Real Estate Ltd. Partnership.

### RULING ON DEFENDANT SKW REAL ESTATE LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff Doris Pingel commenced this action in state court against Connecticut National Bank ("CNB"), now known as Shawmut Bank Connecticut, N.A., alleging violations of the Bank Holding Company Act, 12 U.S.C. §§ 1972 *et seq,* breach of contract and fraud in connection with two promissory notes executed by plaintiff in favor of CNB. CNB removed the action to this court and filed a compulsory counterclaim alleging that both notes were due and payable.

In September, 1993, Richard Pingel, plaintiff's husband and a signatory on both notes, was joined as a party plaintiff. SKW Real Estate Limited Partnership ("SKW"), successor to the two promissory notes, was joined as a party defendant. SKW filed a counterclaim [1] against plaintiffs on the two promissory notes. Pending before the court is SKW's motion pursuant to Fed.R.Civ.P. 56 for summary judgment on its counterclaim. For the reasons set forth below, this motion will be denied.

## BACKGROUND

On October 27, 1986, Global Remodeling and Decorating, a business owned by plaintiff Richard Pingel, executed a commercial note in the principal amount of $100,000 in favor of CNB and secured by a mortgage on plaintiffs' residence located at 3 Pine River Road, Wallingford, CT. The payment of this note was guaranteed by Richard and Doris Pingel. Paragraph five of the note contains a cross-default provision which states in pertinent part:

> Each of the following shall constitute an "Event of Default" hereunder; failure of Borrower to pay or perform any of Borrower's liabilities or obligations to Bank (whether under this Note or otherwise) when due to be paid or performed.... Upon the occurrence of any Event of Default hereunder, all advances outstanding hereunder, together with accrued interest thereon, shall become immediately due and payable, at the option of the Bank....

Plaintiffs allege that in September, 1989, CNB made an offer to Doris Pingel (plaintiffs claim the offer constituted an "oral contract") that if she discontinued doing business with the Bank of Boston and shifted her business to CNB, CNB would give her a two year construction mortgage to complete her new office building at 142 State Street, New Haven, Connecticut, followed by a permanent

take out mortgage for ten years. Plaintiffs also claim that CNB agreed that these two mortgages would not affect the $100,000 note with Global Remodeling.

On November 30, 1989, Doris Pingel executed a $305,000 two year note payable by December 31, 1991 and secured by the office building. Richard Pingel guaranteed payment of the loan. The note contains the same cross-default provision set forth above. The note does not reference continued financing by a ten year permanent take out mortgage.

In February, 1992, after the two year note became due, CNB offered Doris Pingel a $305,000 one-year mortgage. When Doris Pingel refused to accept the one year take out mortgage, CNB made demand for payment. When payment of the outstanding loan amount was not made, CNB commenced foreclosure proceedings on the $305,000 note. CNB also commenced foreclosure proceedings on the $100,000 note to Global Remodeling.

SKW is successor to both notes. SKW's counterclaim against plaintiffs alleges that plaintiffs defaulted on the $305,000 note as maker and guarantor, respectively. SKW also claims that this default triggered the cross-default provision contained in the $100,000 note, making that note also due and payable.

Plaintiffs answered and set forth affirmative defenses of violation of the Bank Holding Company Act, 12 U.S.C. §§ 1972 *et seq.,* breach of oral contract, and fraud. Plaintiffs claim that the $305,000 note is void because CNB fraudulently induced plaintiffs into executing it and that CNB subsequently breached an oral contract to offer a ten year permanent takeout mortgage. Plaintiffs further argue that since the $305,000 note is void, SKW cannot enforce the cross-default provision of the $305,000 note to demand payment

---

**1.** SKW labels this counterclaim as a third-party complaint. However, SKW was joined as a defendant in this action pursuant to Fed.R.Civ.P. 19(a). Accordingly, the court will refer to SKW's third party complaint as a counterclaim. Pursuant to Fed.R.Civ.P. 8(f), "pleadings shall be construed as to do substantial justice." This requires the pleadings to be assessed on substance rather than form. *Mutual Creamery Ins. Co. v.*

of the $100,000 note.[2]

## DISCUSSION

■ A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American Int'l. Group, Inc. v. London American Int'l. Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Summary judgment is usually inappropriate where a parties' intent is in issue. *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir.1991).

■ Conn.Gen.Stat. § 42a–3–308(b) provides that if the validity of the signatures to an instrument is admitted or proved, a party producing a promissory note is entitled to payment if the party proves entitlement to enforce the instrument and the defendant does not prove a defense or claim in recoupment. The authenticity of the signatures is admitted unless specifically denied in the pleadings. Conn.Gen.Stat. § 42a–3–308(a). Conn.Gen.Stat. § 42a–3–301 states that a person entitled to enforce an instrument includes a holder of the instrument.

Plaintiffs do not dispute the authenticity of their signatures on both notes. Also, SKW has produced copies of both notes. Accordingly, plaintiffs must establish a defense to prevent SKW's recovery on the notes. *Connecticut v. Dadi*, 182 Conn. 530, 531, 438

*Iowa Nat'l Mut. Ins. Co.*, 427 F.2d 504, 508 (8th Cir.1970).

A.2d 733 (1980). As noted, plaintiffs have set forth affirmative defenses of violation of the Bank Holding Company Act, 12 U.S.C. §§ 1972 *et seq.*, breach of oral contract, and fraud. The court will review each defense separately.

### 1. Violation of Bank Holding Company Act

■ Plaintiffs claim that CNB illegally "tied" financing by requiring Doris Pingel to discontinue doing business with the Bank of Boston and shift her business to CNB. 12 U.S.C. § 1972(1)(C) provides that "[a] bank shall not in any manner extend credit ... on the condition or requirement that the customer provide some additional credit, property or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit or trust service ..."

This Act enables an injured party to bring an action for treble damages to recover its losses due to the violation. An obligation to pay back a loan that was made, however, is not an injury. *Exchange Nat. Bank of Chicago v. Daniels*, 768 F.2d 140, 144 (7th Cir. 1985). Accordingly, plaintiff cannot claim that the note is unenforceable because of alleged violations of this Act. Therefore, this defense is without merit and fails as a matter of law.

### 2. Breach of Oral Contract.

■ Plaintiffs allege that an oral agreement existed between the parties. As noted, plaintiffs claim that CNB offered plaintiff a two year construction mortgage, followed by a permanent takeout ten year mortgage. Plaintiffs further maintain that CNB represented that the $305,000 note would not affect the $100,000 note with Global Remodeling.

SKW claims that the alleged oral contract is in violation of Connecticut's Statute of Frauds, Conn.Gen.Stat. § 52–550. Pursuant to Conn.Gen.Stat. § 52–550(a)(5) and (6), no civil action can be maintained on an agree-

2. SKW is claiming however, that the $100,000 note is due and payable through the cross-default provision of the $100,000 note.

84

ment unless the agreement or a memorandum of the agreement is made in writing and signed by the party or an agent of the party to be charged upon any agreement that is not to be performed within one year of its making or upon any agreement for a loan in an amount exceeding $50,000.

In this case, the alleged oral agreement is for a term greater that one year and for a loan amount greater then $50,000. Accordingly, the Statute of Frauds requires the terms of the alleged oral contract to be in writing to be enforceable. Plaintiff has not submitted any written memoranda of this oral contract. The $305,000 note requires payment on December 31, 1991. It does not state a promise to grant Doris Pingel a subsequent ten year takeout mortgage or that the note would remain separate from the $100,000 note with Global Remodeling. Therefore, plaintiff's defense is without merit because it does not comply with the requirements of the Statute of Frauds.

### 3. Fraud.

 Plaintiffs allege that CNB fraudulently induced plaintiffs to execute the $305,-000 note. The elements of an action in fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act on it; (4) the latter did so act to his injury. The false representation must relate to an existing or past fact. The intentional misrepresentation can relate to a future promise where there exists a present intent not to fulfill a promise. *Paiva v. Vanech Heights Construction Company,* 159 Conn. 512, 515, 271 A.2d 69 (1970). It is generally left to the trier of fact to determine whether a fraud has been committed. "The trier is the judge of the credibility of the testimony and the weight to be accorded it." *Miller v. Appleby,* 183 Conn. 51, 55, 438 A.2d 811 (1981).

Plaintiffs submit the affidavit of Doris Pingel, which states that CNB made false promises of continued financing to induce Doris Pingel to shift her business away from the Bank of Boston and to execute the $305,-000 note. Doris Pingel further states that

due to the foreclosure proceedings, plaintiffs have lost or will lose the net equity in their house and office building as well as rents and other maintenance expenses. Finally, Doris Pingel states that CNB knew that these promises were false when making them. In light of the pleadings and Doris Pingel's affidavit, there exist issues of CNB's present intent when the $305,000 note was executed that are not appropriately disposed of on a motion for summary judgment. Accordingly, summary judgment will not be granted.

### CONCLUSION

For the reasons set forth above, defendant SKW's motion for summary judgment on its counterclaim [# 36] is DENIED.

