[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Berkeley Federal Bank Trust, FSB has moved for summary judgment as to liability only in this foreclosure action against the defendants, Lawrence and Elizabeth Gabel.
The plaintiff has accompanied its Motion for Summary Judgment with an affidavit which verifies the allegations of the complaint. The complaint alleges in pertinent part that the plaintiff seeks to foreclose a mortgage deed dated July 27, 1987 from Lawrence H. Gabel to The Connecticut National Mortgage Company. The mortgage deed secured payment of a promissory note from Lawrence H. Gabel to The Connecticut National Mortgage Company in the original principal amount of $610,000. The note and mortgage were assigned to The Connecticut National Bank, which changed its name to Shawmut Bank Connecticut and were further assigned to Berkeley Federal Bank 
Trust, FSB. The payment of principal and interest due for July, 1992 has not been paid and the plaintiff has exercised its option to declare the entire balance due and owing.
The defendants have filed an Answer in which they admit that Lawrence H. Gabel executed a note and mortgage deed dated July 27, 1987, state that the "document speaks for itself" as to the terms of the note and mortgage, and plead insufficient information as to the remaining allegations in the complaint. CT Page 4464
Summary judgment "shall be rendered forthwith if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384;Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). To defeat a motion for summary judgment, the nonmoving party must present evidence that demonstrates the existence of some material disputed factual issue. Daily v. New Britain Machine Co.,200 Conn. 562, 568-569, 512 A.2d 893 (1986). "[T]he party opposing the motion [for summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment . . . Rather, the [nonmoving party] must recite specific facts . . . which contradict those stated in the [moving party's] affidavits and documents." S. M. S. Textile v. Brown, Jacobson etc., P.C.,32 Conn. App. 786, 789-790, 631 A.2d 340 (1993).
Practice Book Section 164 provides in relevant part:
 No facts may be proved on either a general or special denial except as show that the plaintiffs' statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980); duress or coercion and material alteration, Second New Haven Bankv. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment,Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530, 532,438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling,4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum,Heating Acceptance Co. v. Patterson, 152 Conn. 467, 208 A.2d 341
(1965); and lack of consideration, Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
The defendants do not raise any of the foregoing defenses. Instead, they have interposed several special defenses all of which are based on 12 U.S.C § 1701x(c)(5), a portion of The National Housing Act which pertains to housing for low and moderate income CT Page 4465 families. The defendants assert that the plaintiff is estopped from foreclosing its mortgage because it failed to notify them of available homeowner counseling within forty-five days after the defendants defaulted on the mortgage.
12 U.S.C. § 1701x was enacted as part of Public Law 90-448, popularly known as the Housing and Urban Development Act of 1968. It is entitled, "Assistance with respect to housing for low- and moderate-income families." 12 U.S.C. § 1701x(a) provides:
 The Secretary [of Housing and Urban Development] is authorized to provide, or contract with public or private organizations to provide, information, advice, and technical assistance, including but not limited to — (iii) counseling and advice to tenants and homeowners with respect to property maintenance, financial management, and such other matters as may be appropriate to assist them in improving their housing conditions and in meeting the responsibilities of tenancy or homeownership.
Section 1701x(c), on which the defendants specifically rely, is entitled, "Grants for homeownership counseling organizations." It provides that the Secretary of Housing and Urban Development may make grants to nonprofit organizations to provide counseling concerning:
(i) financial management;
 (ii) available community resources, including public assistance programs, mortgage assistance programs, home repair assistance programs, utility assistance programs, food programs, and social services. . .
Section 1701x(c)(4)provides:
 A homeowner shall be eligible for homeownership counseling under this subsection if
 (A) the home loan is secured by property that is the principal residence of the homeowner;
 (B) the home loan is not assisted under title V of the Housing Act of 1949; and
(C) the homeowner is, or is expected to be, unable to CT Page 4466 make payments, correct a home loan delinquency within a reasonable time, or resume full home loan payments due to reduction in the income of the homeowner.
Section 1701x(c)(5) requires the creditor to notify the homeowner of the "availability of any homeownership counseling offered by the creditor," and "The availability of homeownership counseling provided by non-profit organizations approved by the Secretary."
The defendants, owners of a house which cost more than $610,000 in Essex, Connecticut, now claim that the plaintiff is barred from foreclosing its mortgage because it failed to notify them of counseling programs designed to help low and moderate income families. They advance this ludicrous argument apparently because the particular subsection of the statute upon which they rely is ostensibly not limited to low and moderate income homeowners. However, it is clear that the Secretary of Housing and Urban Development would not use federal grant money to set up counseling programs for people who own million dollar houses.
Even assuming that the defendants could be considered eligible for homeowner counseling under 1701x(c)(5), they have not presented any evidence that the plaintiff "offered" any homeowner counseling for which they were eligible. They have also failed to present any evidence that there were available non-profit organizations which would have provided them counseling within the meaning of the statute. The statute does not require a creditor to notify of counseling programs that do not exist.
The defendants have also failed to provide any authority to support their claim that a bank's failure to make notification of counseling availability results in the drastic penalty of estopping the bank from foreclosing the mortgage. The federal statute upon which the defendant relies does not provide for such a penalty, or for any other penalty for non-compliance with 12 U.S.C. § 1701x(c)(5).
The plaintiff did notify the defendants of their rights under Connecticut General Statutes §§ 49-31 et seq., which provides mortgagors who are unemployed or underemployed with certain protections. There is no indication in the file that the defendants ever attempted to avail themselves of the protections afforded by that statute. CT Page 4467
All of the other special defenses are based on the plaintiff's failure to comply with § 1701x(5). All of the special defenses, therefore, fail to state valid defenses to this action.
The defendants also claim that there is a disputed issue of material fact in that the plaintiff has failed to present evidence that it is the owner of the mortgage note and deed. This argument is based on a slight variation in the names of the plaintiff's predecessors in interest present in one of the assignments of note and mortgage. In one of the assignments of the note and mortgage at issue, "The Connecticut National Bank" is referred to as "Connecticut National Bank."
The assignments of note and mortgage presented by the plaintiff show that the note and mortgage in question are now owned by the plaintiff. Other than pointing out a slight variation in one bank's name on one assignment, the defendants have presented no evidence to the contrary. To defeat a motion for summary judgment, the nonmoving party must present evidence that demonstrates the existence of some material disputed factual issue Daily v. NewBritain Machine Co., 200 Conn. 562, 568-569, 512 A.2d 893 (1986). The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. The defendants must present evidence to support the alleged disputed fact. S. M. S. Textile v.Brown, Jacobson etc., P. C., 32 Conn. App. 786, 789-790,631 A.2d 340 (1993). They have not done so.
For the foregoing reasons, summary judgment may enter in favor of the plaintiff as to liability only on the complaint.
By the Court,
Aurigemma, J.