[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a promissory note and separate guaranty agreement brought by the plaintiff The North American Bank Trust Company ("Bank") in the first count against the defendants H.J. Mills, Inc. ("Mills, Inc."), in the second count against H.J. Mills (Mr. Mills), and in the third count against Edna Mills ("Mrs. Mills"). The Bank has now moved for summary judgment. There is no material issue as to the following facts. The debt evidenced by the note involves a commercial line of credit given to the Mills, Inc., payable on demand to the plaintiff. A separate guaranty contract was executed contemporaneously with the note by Mr. Mills, individually, and his wife Mrs. Mills.
The plaintiff has established that it is the holder of the note, that the principal advanced under the terms of the note and the interest accruing thereon are outstanding, that demand for payment was made, and that the note is in default. As to Mr. Mills and Mrs. Mills, the plaintiff has established that the defendants executed and delivered a guaranty for the note to the CT Page 7546 Bank undertaking liability for the full amount owing under the terms of the note. The plaintiff has established that it has made a demand for payment of the balance due under the terms of the guaranty and note, and that payment has not been made. The plaintiff has also established the contents of the note and guaranty.
The plaintiff submitted in support of its motion the affidavit of the plaintiff's loan officer, Jesse F. McAnally, III. Mr. McAnally swears on the basis of personal knowledge that the plaintiff is the holder of the note, that the note is in default, that a demand for the balance due under the terms of the note was made on the defendants, and that the balance due on the note is still outstanding. The plaintiff has also submitted a copy of the response to the requests for admissions filed by Mrs. Mills. There she admits that a true copy of the guaranty with her signature is attached to the plaintiff's complaint. In the same response, Mrs. Mills denies having read the guaranty before signing it.
With respect to the first count of the plaintiff's complaint based on the promissory note, General Statutes (Rev. to 1989) § 42a-3-307 provides that "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." See also Commonwealth Land Title Insurance v. Miller,395 S.E.2d 243, 245 (Ga.App. 1990) (construing similar provisions of Georgia law); Citicorp. International Trading Co., Inc.v. Western Oil Refining Co., Inc., 790 F. Sup. 428, 434
(S.D.N.Y. 1992) ("Proof of a note and a failure to make payment thereon establishes a prima facia case for recovery on the note.") Having produced a valid copy of the note and asserted its ownership of the note, the plaintiff has made a sufficient showing that entitles it to recover on the note, unless a defendant alleges and proves valid defenses. Connecticut BankTrust Co. v. Dadi, 182 Conn. 530, 531, 438 A.2d 733 (1980). ("When the signatures are admitted or established, production of the instrument entitles a holder to recover on it unless thedefendant establishes a defense." (Emphasis added)). With respect to the first count, the plaintiff has sustained its burden for summary judgment by offering proof of its possession of the validly executed note, and proof that the note is in default. The defendant, Mills, Inc., has failed to offer any evidence demonstrating a genuine issue of material fact with respect to the issue of liability on the note, or the existence CT Page 7547 of any defenses. Therefore, the plaintiff is entitled to summary judgment on the first count.
The second and third counts respectively are based on the separate guaranty contract executed by Mr. Mills, individually, and Mrs. Mills.
The guaranty executed by Mr. and Mrs. Mills provides that
 "[i]n order to induce the NORTH AMERICAN BANK TRUST COMPANY . . . to make such advances, loans or extensions of credit, directly or indirectly to H.J. MILLS, INC . . . ([hereinafter the "Borrower"]) . . . and to grant to the borrower such renewals, extensions, forebearances, releases of collateral or other relinquishments of rights as the bank may deem advisable, and for other valuable consideration, . . ., the undersigned hereby unconditionally guarantees
to the bank the due and punctual payment when due, whether by acceleration or otherwise, of the principal and interest on and all other sums payable with respect to the attached commercial line of credit. . . .
(Emphasis added.)
The defendant Mr. Mills, individually, failed to oppose the motion for summary judgment, and summary judgment is granted for the plaintiff on the second count of the complaint against Mr. Mills.
Mrs. Mills, in the response to the request for admissions, through counsel, denies she read the note and guaranty before signing the guaranty.
 "The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off CT Page 7548 . . . . guard in the matter." Ursini v. Goldman, 118 Conn. 554, 562, 173 A. 789 (1934); see also King v. Industrial Bank of Washington, 474 A.2d 151, 155
(D.C.App. 1984).
The court simply does not have sufficient facts before it to determine beyond dispute the Circumstances of the execution of the guaranty by Mrs. Mills. Although Mrs. Mills herself failed to submit any affidavit or sworn testimony as to the circumstances of the execution of the guaranty, the plaintiff, in support of its motion, submitted a pleading filed on behalf of Mrs. Mills, which raises the issue of her reading the documents. Therefore, it is within the trier of facts discretion to determine whether, under the circumstances, the trier finds Mrs. Mills was not diligent in trying to read the document she signed and whether to charge her with knowledge of its contents. First Charter Bank v. Ross, 29 Conn. App. 664, 671
(1992).
In the present state of the record, it cannot be said that the pleadings, affidavits and other proof show there is no genuine issue concerning a material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, summary judgment against Mrs. Mills on the third count of the complaint is denied.
/s/ McDonald, J. McDONALD