[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Federal Deposit Insurance Corporation as Receiver for Saybrook Bank and Trust Company (FDIC), has moved for summary judgment in this foreclosure action in which it has presented evidence to establish the following facts.
By Commercial Promissory Note dated June 14, 1990 (the "Note") the defendants, Carl F. Swan, Arnold C. Winokur, James A. Scofield and S.W.S. Realty Co. promised to pay to the order of Saybrook Bank and Trust Co. the amount of $500,000 plus interest as stated in the Note. The full principal balance and accrued interest due under the Note was payable within one year from the date of the Note, or June 14, 1991. By deed dated June 14, 1990 the defendants, Swan, Winokur and Scofield, to secure the Note, mortgaged to Saybrook Bank and Trust Company real property known as 37 Riverside Drive, Clinton, Connecticut (the "Property"). The FDIC became the holder of the Note and Mortgage Deed by operation of law upon the failure CT Page 11293 or Saybrook Bank and Trust Company on December 6, 1991. The defendants Swan, Winokur and Scofield are in default under the terms of the Note for failure to make payments in accordance with the terms of the Note and the plaintiff has exercised its right to declare the entire indebtedness immediately due and payable.
In opposition to the Motion for Summary Judgment the defendant Carl F. Swan has submitted an affidavit in which he states that in late 1991 the loan was not in default, the Property was worth approximately the same amount as the outstanding amount due under the Note and the defendants wanted to sell the Property to satisfy the Loan. The affidavit further states:
 7. Despite my numerous attempt to contact the FDIC to discuss selling the Property and satisfying the Loan, the FDIC informed me that we (the Defendants) should "wait our turn."
 8. Because the FDIC refused to talk to us we were unable to attempt to sell the Property.
 9. Approximately three (3) years later, the FDIC brought this action.
 10. The property has significantly decreased in value since the end of 1991.
The defendants do not deny that they executed the Note and the Mortgage Deed, nor that the Note is in default. Rather, they claim that the foregoing facts support the following special defenses: 1) the FDIC has breached its implied covenant of good faith and fair dealing; 2) the FDIC breached a statutory duty to act in good faith; and 3) the FDIC refused to mitigate the default of the defendants.
Practice Book § 164 provides in relevant part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements which show, notwithstanding, that he has no cause of action, must be specially alleged. CT Page 11294
Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980); duress or coercion and material alteration, Second New Haven Bankv. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252 (1983); payment,Connecticut Bank and Trust Company v. Dadi, 182 Conn. 530, 532,438 A.2d 733 (1980); discharge, Guaranty Bank Trust Co. v. Darling,4 Conn. App. 376, 380, 494 A.2d 1216 (1985); fraud in the factum,Heating Acceptance Co. v. Patterson, 152 Conn. 467, 208 A.2d 341
(1965); and lack of consideration, Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
The affidavit of defendant Swan does not establish any of the above defenses. The concept of good faith and fair dealing is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 567
(1984).
The defendants allege that the FDIC's failure to communicate with the defendants prevented them from selling the Property. However, the affidavit does not allege any logical connection between the FDIC's failure to communicate and the defendants' inability to sell the property. It is difficult to imagine that if the value of the Property and the amount of the loan were the same, as Swan states in his affidavit, that the defendants were not free to sell the Property and pay off the FDIC. In any event, there is nothing in the original Promissory Note or Mortgage Deed which constitutes an agreement to communicate with the defendants after the date of default or at any other time concerning the sale of the property. Thus, the covenant of good faith and fair dealing cannot serve to place upon the FDIC a duty which it did not have under the terms of the Note and Mortgage Deed.
The statutory duty to exercise good faith to which the defendants refer in their special defense is found in Connecticut General Statutes § 42a-1-203, which provides that "every contract or duty within this title imposes an obligation of good faith in its performance or enforcement." As with the common law duty of good faith and fair dealing, this statutory requirement of good faith cannot create new obligations in a Note or Mortgage Deed. CT Page 11295
The concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of which has been agreed to by the defendant makers of a promissory note. The conduct of a bank after default in a mortgage note may result in a diminution in the interest a bank may recover on a deficiency judgment. See e.g., CiticorpMortgage, Inc. v. Upton, 42 Conn. Sup. 302 (1992, Freed, J.). However, it does not bar the bank from foreclosing the mortgage, and, therefore, cannot be a valid defense to a foreclosure action.
The defendants also claim that the representation of the FDIC by an attorney employed by the FDIC constitutes a valid special defense to this foreclosure action. The basis of such an argument eludes this court. Clearly, if the defendants are arguing that the Rules of Professional Conduct have been violated, such a violation does not constitute a substantive defense in this action. "Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." Rules of Professional Conduct, Preamble.
"`Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993), quoting Practice Book 384. "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." Cortes v. Cotton, 31 Conn. App. 569, 575, 626 A.2d 1306
(1993).
The facts alleged by the defendants concerning the failure of the FDIC to adequately communicate with them concerning the sale of the Property are not material facts. Even if they are deemed to be true, they do not constitute a valid defense to this foreclosure action.
For the foregoing reasons, summary judgment as to liability only may enter in favor of the plaintiff. CT Page 11296
By the Court,
Aurigemma, J.