[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#122)
On January 14, 1988, the defendants, Joseph S. Ribera and Brian W. Cannon became indebted to the plaintiff, Citicorp Mortgage, Inc., in the amount of $106,100 plus interest. (Promissory Note-Exhibit A of Plaintiff's Complaint). To secure the note, the defendants, Joseph S. Ribera and Brian W. Cannon, mortgaged to the plaintiff, a certain piece or parcel of land together with all buildings and improvements thereon, known as 11 Riverton Road, Unit 21, Winchester, Connecticut.
The promissory note provides that the indebtedness may become due upon default. The defendants, Ribera and Cannon, have failed and neglected to pay the outstanding balance due and owing on the note. The defendant, Ribera, previously filed a motion to dismiss the complaint alleging that the subject mortgage was assigned by the plaintiff to the Student Loan Marketing Association of CT Page 14312 Washington, D.C. The defendant relied upon an unmarked page appended to the plaintiff's complaint as Exhibit B which was the first page of an unrecorded assignment of mortgage from the plaintiff to the Student Loan Marketing Association of Washington, D.C.
The plaintiff filed an objection to the motion to dismiss and it also filed an amended complaint removing Exhibit B as it was appended in error in that the mortgage was never, in fact, assigned. The plaintiff amended its complaint as of right deleting any and all reference to the apparent unrecorded assignment. The defendant' s motion to dismiss was therefore denied by this court, Pickett, J., on July 24, 1995.
The defendant, Ribera, filed an answer and four special defenses raising issues that were raised in the motion to dismiss. All four special defenses were stricken by this court, Pickett, J., on September 21, 1995.
The plaintiff now moves for summary judgement [judgment] as to Joseph S. Ribera only on the ground that there is no genuine issue of material fact as to the complaint and therefore a judgment of foreclosure should enter. As required by Practice Book § 204, the plaintiff has filed a memorandum in support of its motion for summary judgment. In accordance with Practice Book § 380, the plaintiff has also filed documents in support of its motion including a copy of the Promissory Note and Mortgage Deed both signed by the defendant Ribera (Exhibits A and B respectively), an affidavit of Scott Scheiner, Assistant Secretary of Citicorp Mortgage, Inc., a copy of the answer and special defense filed by the defendant Ribera (Exhibit C), a copy of the return of service of the Notice of Lis Pendens (Exhibit D) and a copy of an affidavit of Scott Scheiner, the original of which was filed with this court in opposition to the defendant' s motion to dismiss (Exhibit E). The defendant did not file a memorandum in opposition or a counter affidavit.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, CT Page 14313 105, 639 A.2d 507 (1994), quoting Practice Book § 384.
The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 105. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
Where the adverse party does not respond to the motion for summary judgment, as in the present case, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Barthav. Waterbury House Wrecking, 190 Conn. 8, 11-12, 459 A.2d 115
(1983). The Appellate Court has summarized the obligations of the nonmovant in a motion for summary judgment: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be h merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" (iv) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue;" and (v) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment." (citations and internal quotation marks omitted). Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162,166, 168-70, 604 A.2d 1339, aff'd 224 Conn. 240,618 A.2d 506 (1992).
The affidavit in support of its motion attests to the defendant's default, and the debt due. Defendant filed no counter affidavit on those issues. Thus, the plaintiff is entitled to summary judgment.
Furthermore, Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, CT Page 14314Bizzoco v. Chintz, 193 Conn. 304, 309, 476 A.2d 572 (1984); unconscionability of interest rate; Hamm v. Taylor, 180 Conn. 491,495, 429 A.2d 946 (1980); duress or coercion and material alteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79,467 A.2d 1252 (1983); payment, Connecticut Bank and Trust Companyv. Dadi, 182 Conn. 530, 532, 438 A.2d 733 (1980); discharge,Guaranty Bank Trust Co. v. Darling, 4 Conn. App. 376, 380,494 A.2d 1216 (1985); fraud in the factum, Heating Acceptance Co. v.Patterson, 152 Conn. 467, 208 A.2d 341 (1965); and lack of consideration, Sonnichsen v. Streeter, 4 Conn. Cir. 659 (1967).
The defendant did not raise any of the foregoing defenses. The defendant' s answer, devoid of special defenses, simply leaves the plaintiff to its proof. Therefore, based upon the facts presented by the plaintiff which were unopposed by the defendant Ribera, and the defendant' s failure to raise any special defenses, summary judgment against the defendant Joseph S. Ribera is granted.
PICKETT, J.