[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Atlantic Bank of New York (Atlantic Bank), filed its first amended complaint against the defendant, Orestes G. Christophides, seeking to enforce a demand promissory note in the amount of $60,000 plus interest. In his answer, the defendant admits that he executed the note and has failed to make payment upon the note as demanded, but leaves the plaintiff to its proof as to the remaining allegations. In his two special defenses, the defendant essentially alleges that he received no consideration in exchange for signing the note and that the note was obtained by fraud.
The plaintiff has filed a motion for summary judgment (#111) on the ground that there are no genuine issues of material fact and that Atlantic Bank is entitled to judgment as a matter of law. In support of this motion, the plaintiff submitted an affidavit by Charles J. Margiotti, III, vice president of Atlantic Bank, a copy of the April 19, 1993 promissory note, and a copy of the March 8, 1995 "Demand Letter." The defendant has not submitted any opposition to the plaintiff's motion.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the CT Page 10073 burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
If the validity of signatures is admitted or established, General Statutes § 42a-3-308 (b) (formerly § 42a-3-307(2)) provides that a plaintiff producing the instrument is entitled to payment "unless the defendant proves a defense or claim of recoupment." The plaintiff in the present case alleges in its complaint that the defendant executed a promissory note in the amount of $60,000 plus interest, that it made demand for payment upon the defendant by certified letter dated March 8, 1995, and that the defendant has failed to pay the note as demanded. The affidavit and documentary evidence submitted along with the plaintiff's motion support these allegations. In addition, the defendant admits each of the above allegations in his answer. Accordingly, the plaintiff is entitled to payment on the note in question unless the defendant alleges and proves a defense. Connecticut Bank Trust Co. v. Dadi, 182 Conn. 530,531, 438 A.2d 733 (1980).
Although the defendant has raised two special defenses (lack of consideration and fraud), the note provides that "[e]ach party, in any litigation in which the Bank, or the holder hereof, shall be an adverse party, hereby waives . . . the right to interpose any defense, set-off or counterclaim whatsoever . . . ." "It is clear that the defendant could argue the validity of the waiver, i.e., whether the contract was one of adhesion or whether the waiver is unconscionable." CountryLumber, Inc. v. Sarris, Superior Court, Judicial District of New Haven at New Haven, Docket No. 308846 (April 4, 1991, Schaller, J., 3 Conn. L. Rptr. 414, 415). The defendant, however, has not challenged the validity of the waiver in this motion. Therefore, the defendant has waived his right to interpose any defenses.
The plaintiff has met its burden of establishing that there are no genuine issues of material fact as to the defendant's liability on the note.[1] "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation CT Page 10074 marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202. The defendant in the present case has submitted nothing in opposition to the plaintiff's motion. Accordingly, the defendant has failed to meet his burden of showing the existence of a genuine issue of material fact and, therefore, the plaintiff's motion for summary judgment with respect to liability is granted.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of November, 1996.
WILLIAM BURKE LEWIS, JUDGE